M’Girk, 0. X,
delivered the opinion of the Court.
The State indicted King for murder. He was arraigned, tried, and convicted. It appears, by a bill of exceptions, that a list of jurors had been furnished to the prisoner, two days before the trial, and that, as the cause progressed, in making up the traverse jury, one of the venire returned, asked the Court to be discharged from attendance on the Court, on account of the sickness of his wife, and the Court did discharge him; that immediately after his discharge, the prisoner’s counsel objected to the discharge, and took his exception thereto. The Court then proceeded with the trial, and the traverse jury was completed, without exhauslingthe original panel, and without summoning another juror in the place of the one discharged. In the progress of the trial, the senior counsel for the prisoner moved the Court to put the witnesses for the State under a rule, that they should he separated so as not to hear each other’s examination; at the same time stating, that he had no reason to apprehend any evil consequences, if the witnesses were notijiut under the rule. The junior counsel, also, at the time, declared he had good reason to apprehend the contrary; hut nothing more was shown to the Court on the subject.
*515 The Court refused the motion. These things are complained of as error. As to the first point, we cannot discover any error; no evil seems to have resulted to the prisoner, in consequence of the discharge of the juror. The objection came somewhat late, but if it had been made in time, yet the Court must have power to discharge jurors before.they are sworn. The utmost consequence the prisoner could claim, from the discharge of the juror, would be, to have the panel filled again, and that the trial should be delayed two days after he had a complete list of the jurors, to consider if he would challenge peremptorily, or could challenge for cause; but this benefit he did not claim. It is urged by the prisoner’s counsel, that he is entitled to a fair and impartial trial by jury. This is conceded; and if it did in this case appear that the trial was either unfair or partial, we would reverse the judgment.
The other point in the case is, did the Court err in refusing to put the witnesses under the rule? The law appears tobe, that in criminal cases, it is discretionary with the Court if it will do so or not. The Court exercised that discretion, and we cannot say the Court did wrong. A case m'ight he made, where a Court might exercise an unsound discretion; and if it should occur, this Court might interfere. But this case is not .of that sort.
The judgment of the Circuit Court is affirmed, with costs, and remanded to the Circuit Court to be'carried into effect.