Wash, J.,
delivered the opinion of the Court.
This was an indictment against Mitchell for murder, verdict of guilty and judgment of death in the Circuit Court, to reverse which judgment, the plaintiff now prosecutes his writ of error in this Court. Mitchell excepted to the judgment of the Circuit Court on several matters arising in the progress of the trial below, tendered his bill of exceptions and had them signed by the Court; and in that way caused the matters of exception to be spread upon the record. In this state of the case a motion has.been made by Mr. Allen (Circuit Attorney) to quash the writ of error; and two questions are presented for the consideration of this Court.
Eirst. Will a writ of error lie in a capital case?
Second. Was the prisoner entitled to his bill of exceptions ?
The authorities cited (2 Tidd. 1188, 2 Salk. 504, 2 Learned 101) lay down the law clearly as settled and administered in the English Courts. It is undoubted law that in England the writ of error in cases of treason or felony will not lie without the consent of the King. It is then a matter of grace and favor.
It has been held by this Court, however, and may now be taken as the settled law of this land, that here the party will be entitled of right to his writ, in all cases where in England he would have it with or without the consent of the Crown.
It remains now to consider the effect of the writ, and whether the bill of exceptions can be allowed or considered in this case. This question has been most *202 elaborately and ably argued by Mr. Bates, of counsel for the prisoner, and by Mr. Allen for the State. It is not propdsed to examine the arguments and authorities in detail, but merely to state the principal positions assumed, and our understanding of the law in regard to them. It is insisted that a bill of exceptions is a mere corollary or necessary incident to the writ of error, and that the writ of error being a writ of right in all cases, criminal as well as civil, in order to make it effectual the suitor must be allowed in all cases his bill of exceptions. It is answered that the writ of error removes merely the record proper. That the bill of exceptions is intended to place -upon the record some matter that would not appear in the regular progress of the cause. In looking into the record proper, it may be seen if the Inferior Courts have jurisdiction of the subject matter and proceed regularly to judgment. The collateral means to be employed, or steps taken in the cause, are left to the judgment of the Inferior Courts, and cannot be reviewed or examined but upon bills of exception, by which they are placed upon the record, and it may be well intended by the Legislature, that the Appellate Court shall have power to correct such errors only of the Inferior Courts as may appear on the record proper of such Courts. It is then insisted that the statute of Westminster, 2d XIII Edwd. 1, which gives the bill of exceptions, is to be regarded as the law of this land in full force, and that in its terms as well as spirit, it applies as well to criminal as civil cases. To this it is answered that in adopting the common law, and the statutes in aid thereof down to-the 4th of James I, the British statutes so adopted must be taken and understood as consfrued by the British Courts at the time of adoption, and that for five centuries and upwards, it has been uniformly held in those Courts that the statute above cited does not extend to cases of treason or felony. In minor criminal cases, hills of exception have been allowed ex gratia,. The reason, justice or policy of the construction is not now to be questioned. Such long established principles and precedents are not to be uprooted or disturbed. It is better in such cases to take the law as we find it, and conclude that it is founded in good reason, than to change or attempt to change it merely because we cannot see the reason of it. It is again insisted that this Court is required by the Constitution to exercise a superintending control over the Circuit Court in all cases, which cannot be done without the aid of bills of exception, &.c.; and here it may be answered that this Court must employ the means provided by the Legislature, and use such as the Constitution affords, where no means are provided. In legislating on the subject of bills of exception, they confine themselves expressly and carefully to civil cases. Their failure to provide for them in criminal as well as civil cases, whilst they-were passing upon the subject, is to betaken as equivalent to an express denial of them. Leaving this Court to exercise it» superintending control over the Circuit Court by writ of error merely, not choosing to provide for it all the mean3 that may be necessary in all cases.