APRIL TERM
1836.

VAUGHN & VAUGHN v. THE STATE.

W. & G. Vaughn
v.
The State

On trial of an indictment for exercising the business of auctioneers without license. The defendants were not entitled to a bill of exceptions, until the passage of the act at the session of 1834 '5. It seems that a bill of exceptions could not be allowed on the trial of any indictment.

ERROR from the Pike circuit court.

Statement of the case.

The plaintiffs in error were indicted for exercising the business of auctioneers, without license, contrary to the provisions of the statute. During the progress of the trial in the circuit court, various questions were raised and the opinion of the court thereon excepted to. The plaintiffs in error, were convicted on the indictment and (after moving for a new trial and in arrest of judgment, which motions were overruled by the circuit court) have come with their writ of error into this court.

MESSRS. SHANNON, HUNT and PORTER, for pltfs. in error.

Argument of counsel for pltfs. in error.

This is an indictment for exercising the business of an auctioneer without license, contrary to the statute. They are indicted jointly, and as for a joint offence. There are two counts in the indictment, but substantially the same. After the evidence was received, the circuit attorney asked several instructions, which were objected to by the defendants, but given by the court; the court also rejected several asked by the defendants, and the opinion of the court excepted to. The jury found the defendants guilty, and that they had sold goods to the amount of $250, &c.

The defendants thereupon, having saved all of the evidence, moved the court for a new trial, on the following grounds:

1st. That the verdict is against law and evidence.

2nd. That there was in evidence against George Vaughn. 3rd. That the verdict is informal and vague, and that no judgment can be given thereon against the defendants.

4th. The court erred in giving the instructions asked by the State, and in the refusing those asked by the defendants.

5th. That there is no lawful verdict &c.

This motion the court refused, and this opinion excepted to by the defs.

The defendants then moved the court in arrest of judg-

ment. 1st. Because the indictment does not charge such facts as bring the defendants within the offence prescribed by the statute.

2nd Because it does not charge that defs. exercised the business by selling goods and subject to duty by the act—by public auctioneers *without license.* 4th. Because the facts as stated are too loose and uncertain. 5th. Because the defendants are indicted as for joint, whereas it is an individual offence.

This motion the court also overruled, and the defendants excepted to this opinion, and tendered a bill of exceptions including all the evidence,—the instruction to the jury above referred to, and also the motion for a new trial, and in arrest of judgment, which the court signed and sealed, but refused to have the same filed as a part of the record, by reason that the law as explained and expounded by the supreme court, did not allow them so to do.

The record proper, we have brought here by writ of error, and the bill of exceptions we now have here sworn to, and ask that the same may be filed as a part of the record, and to be so taken and considered pursuant to the statute &c.

The defs. rely on the following points:

1st. That a bill of exceptions ought to be granted in all cases of a mere misdemeanor, and especially in cases for the collection of the revenue.—2 In. p. 427; 1 Bac. ab. p. 528; 4 vol. Haw. P. C. p. 457, S. 210; M. L. p. 320, S. 28; also, p. 631, S. 39; 3 M. D. p. 283; 1 Chitty C. L. p. 508; Phillips Ev. 214; 1 vol. Starke Ev. p. 430; 4 Blac. com. p. 5 and note 1; M. L. p. 491, as to common law; also, p. 164, S. 12, as to the auction.

2nd. If the bill of exceptions be allowed, we contend that the court ought to have granted a new trial, on the grounds that he gave wrong instructions to the jury, and refused to give those that were right. That the evidence in the bill shows that the sale of the goods was authorised by the statute. That the sale by auction is an individual act and not joint act. That there was no evidence against George Vaughn, except as he was a partner in merchandize with Wm. and that Wm. sold some, Hughs sold some, and Trimble sold some, and each was liable for his own act, and not for the other. The verdict being joint, and fine assessed joint, it ought to have been set aside and a new trial granted.—M. L. p. 320 S. 28; 1 Chitty C. L. top. p. 533; 2 Tidd. p. 813, 821.

3rd. That the indictment is wholly insufficient, it

APRIL TERM
1836.

W. & G. Vaughn
v.
The State.

does not bring the defendants within the provisions of the statute. The selling by auction without license, is an individual act, and those offending against it, are liable separately and not jointly, any more than for a perjury and in other respects, is too uncertain.—M. L. p. 160, S. 2, 1 and 5, or 1 Chitty C. L. 539 to 41; 2 Tidd. 826; 2 vol. M. D. p. 228, 3 vol p. 63; 1 Chitty C. L. top p. 220 and 21.

The circuit attorney, Mr. Chambers, for the State.

Argument of counsel for def. in error.

This was an indictment against the defendants for exercising the business of an auctioneer, *without having license.* Upon the trial of the cause, the jury rendered a verdict of guilty, and found that the amount of goods sold by the defendants was $250, which gave the State a right to the sum of $7, 50 cts. for the revenue on the amount sold. Instructions were asked on both sides, some were given, and others refused by the court.

After the verdict was rendered, the defendants moved for a new trial, which was refused, and the court further refused to sign a bill of exceptions in the cause containing the evidence.

A motion was made in arrest of judgment, which was also overruled by the court. In this the court likewise refused to sign the bill of exceptions.

The question as to the right of the parties to his bill of exceptions in this cause, does not appear to be a legitimate point between the State and the defendants on a writ of error. The better practice would seem to be, to try that question on a motion for a mandamus against the judge.

But if this is a legitimate question in this proceeding, then I contend that the court properly refused to sign the bills of exception, upon the following authorities.—3 Mo. Decis. 384, State v. Mitchell; 4 Hawk. pleas of the crown 457; 2 Mo. Decis. 218, State v. Henry a slave; 13 Johns. Rep. 90; Phillips Ev. 213; 1 Chitty crime L. 508.

No decision of this court can be had on the judgment of the court below in giving and refusing the instructions and in refusing a new trial, unless the bill of exceptions is first made a part of the record. From this view of the case, I hold that there is but two points presented to this court for its action at this time, to wit: 1st. Does the indictment sufficiently charge the offence contained in the second sec. of the act relating to auctioneers?—See revised laws, 161, S. 2. That the offence is well charged see 2 Gallison's Rep.; 15 Cox's Dig. 357, 813.

2nd. Were the parties properly joined in the same indictment—upon this point?--See 1 Chitty crim. L. 220; 3 Bac. Abri. 563; 2 Burns' Justice 660.

APRIL TERM
1836.

W. & G. Vaughn
v.
The State.

Opinion of the court

WASH J. delivered the opinion of the court.

The only question which is now submitted for adjudication is, whether the plaintiffs in error were entitled to their bill of exceptions in this case?

The counsel for the plaintiffs in error, have made and rely upon this point viz: "That a bill of exceptions ought to be granted in all cases of a mere misdemeanor, and especially in cases for the collection of the revenue." On the other side, the circuit attorney insists, that the plaintiffs in error were not entitled to their bill of exceptions in this case, and that the same should be disregarded by this court as forming no part of the record proper to be looked into upon a writ of error.

Several authorities have been cited by the counsel for the plaintiffs in error, from which it would seem that in the English courts, the law on the points raised, has never been considered as settled. In 1 Leon. S. a bill of exceptions was allowed in an indictment for tresspass; in 1 Vent 336, it was allowed in an information in nature of a quo warranto; in 1 Vern. 175, it was allowed in an indictment for a riot; and in Ca. Temp. Hardw. 250, 1 it was allowed in an indictment for a libel; and in the case last cited, it was said by Ld. Hardwick, that in informations in the exchecquer, and in *devonerunts*, (the first of which are properly civil suits for the King's debts; and the latter the King's actions of trover) bills of exceptions were allowed. Lord Coke in treating on the statute of Westm. 2, 13 Ed. 1 S. 31, which fixed the right to bills of exception, says the statute, extends to all actions, real personal and mixed; but makes no mention of criminal cases. The silence of Lord Coke, so noted for his accurate learning, and accute observation, should be taken as high authority, against the extension of the statute to criminal cases, the words of the statute, "*se aliquis implaci titur*" &c., would seem to apply to civil suits, and to persons impleaded therein in contradistinction to indictments and prosecutions; and Lord Hardwick himself, in the case above cited (Ca. Temp. Lord Hardw. 250) considered the point not then settled, and stated that it had never been determined that a bill of exceptions would lie in a mere criminal proceeding. In the case of Sir H. Vane, 1 Lev. 68, the court held that a bill of exceptions would not lie. "Because (as they said) criminal cases were

not within the statute, but only actions between party
and party." This was said on an indictment for high
treason, has been regarded in the English courts, as set-
tling the law, only in cases of treason. or felony. It
may be readily seen how, from actions of a mixed charac-
ter, *qui tam* actions, informations in the exchecquer and in
nature of a quo warranto &c., the equity of the statute
has been extended to minor criminal offences. In giving
a construction to this statute as it comes to us by the
adoption of the common law, and the statutes in aid there-
of, down to the 4th of James the 1st, it has become the
duty of this court to look into the decisions of the Eng-
lish courts made prior to that period. In doing so we
find the question submitted for adjudication, an open one,
to be settled in our courts for the first time. The counsel
for the plaintiffs in error have cited and relied upon the
case of Mitchell v. The State,—3 Mo. Dec. 283, as giving
a construction to the statute, in support of the point relied
on, or as recognizing the authority of the cases cited
from the English bar, to show that the law has been so
settled in the English courts. Mitchell's case was on an
indictment for murder, and this court decided that he had
no right to his bill of exceptions. It would have been ex-
tra judicial to have decided (as the plaintiffs counsel seem
to think this court intended to decide in that case) that
bills of exception were allowable in minor criminal cases.
The decision of this court cannot be so understood or in-
terpreted. On the contrary, so far as the point was con-
sidered, it is clear that the court inclined to the opposite
doctrine, for whilst the court say: "In minor criminal
cases bills of exceptions have been allowed *ex gratia*,"
they say also "in legislating on the subject of bills of ex-
ception, they (the legislature) confine themselves express-
ly and carefully to civil cases. Their failure to provide
for them in criminal as well as civil cases, whilst they
were passing upon the subject, is to be taken as equiva-
lent to an express denial of them." This is still the doc-
trine held by this court. From the language of the origin-
al statute therefore, and the construction given to it in the
English courts,—from the silence of our legislature upon
the introduction of the statute with a knowledge of the
doubts that had arisen as to its construction as well as
from the inconvenience and danger that would attend
the application of the statute to criminal cases, we have
been led to the conclusion that the plaintiffs in error were
not entitled to their bill of exceptions in this case, and
that the same should be disregarded. As the law now

stands under the revised statutes of the last session of the legislature, the plaintiffs would be entitled to their bill of exceptions, but this case originated under the old law.