# DECISIONS

## OF THE

# SUPREME COURT OF MISSOURI,

## THIRD JUDICIAL DISTRICT.

### JUNE TERM, 1837.

### POLK v. STATE OF MISSOURI.

The supreme court will not disturb the verdict of a jury, or the circuit court sitting as a jury, unless the matters of law or fact determined by such verdict are properly brought before the court, by a motion for a new trial in the court below.

Points and citations of authorities, made by Frusten Polk, attorney for plaintiff in error.

1. The city attorney is a creature of the corporate authorities—vide City Ordinances, p. 113. If so, he may be displaced by them, for the same power that creates may destroy. For the regulations therefore, governing the action of the authorities of the city in regard to the office, we are not obliged to look to the charter, when that office is not created in the charter.

2. But the charter does authorise the removal of city attorney—see Ordinances, p. 61; and the Mayor and Board of Aldermen did remove; there is a joint action between them. The vote of the Board, and the letter of the Mayor, of date of 24th January, 1837, show that fact.

3. It is objected that the act of removal must be approved by the Mayor. The charter does not require that it should, for this is a resolution, and not an ordinance. They have passed an ordinance creating and regulating the office—see Ordinances 113, 114;—and of course,

JUNE TERM
1837.

Polk
v.
State of Missouri.

there was no necessity for any further ordinance. Is every nomination and choice a separate ordinance, and that too, when they are made under an ordinance?

4. But if approbation is necessary, it has been given prior to action of Board—see letters of Mayor, preserved in bill of exceptions, 24th, 27th and 30th January, 1837, and given subsequently also by the Mayor assenting to the vote of the Board, and by his nominating a successor.

5. If the removal must be by ordinance, it has been by ordinance in the present instance; for the act of removal in this case has all the requisites and solemnities of an ordinance. The charter requires (section 33 ordinances, p. 61,) "that every ordinance which the Board of Aldermen shall pass, before it becomes a law shall be presented to the Mayor for his approbation;"—this was so presented. Again: "if the Mayor shall not approve an ordinance presented to him for his approbation, he shall return it to the Board of Aldermen with his objections." See ordinances, p. 61. But here the Mayor did not return the ordinance with his objections; so of course, he gave the assent required by the charter. Nay, more, the charter requires that if he does return it within *three days* it becomes a law;—here there was not only no return within three days, but none at any time. But it is said that this act of removal did not commence with the phrase "Be it ordained by the Mayor and Board of Aldermen of the city of St. Louis," and therefore cannot be good. I answer, that, if it have the substance it matters not about the form. If the action of all the powers required by the charter was in fact had—and with the solemnities required for such action, it is enough. The maxim *"qui hæret in litera hæret in cortice,"* applies.— But the charter says, (see section 36 ordinances, page 61,) that the style only of ordinances shall be as above quoted—not that nothing else shall be an ordinance—not that an ordinance shall not become a law until it is so worded at the commencement; whereas, the same charter provides—see section 33, same page of ordinances, that every ordinance before it becomes a law, shall be approved by the Mayor. Thus laying much more stress on the approval of the Mayor than it does on the mere form of language used, as indeed it ought to do—thereby making the approval of the Mayor matter of substance, and consequently indispensable; and the caption and mere language only matter of form, and therefore not important, and liable to be dispensed with. The act of re-

moval, therefore, is good and valid, be it either ordinance or resolution.

6th. But it is said that the ordinance which creates city attorney does not provide for his removal, and therefore the removal is illegal. I answer, that if the ordinance does not provide for the removal, the charter, which is higher and paramount to the ordinance does. And the very fact, that the city authorities did not make provision for removal in the ordinance, is proof conclusive that they meant to exercise the power generally, and remove from office whenever they should deem the interests of the city require it.

7th. Is it said that in order to a valid removal there must be the action of the same powers that created the officer? We have that in the present instance. The Mayor nominated the former incumbent, Alonzo W. Manning, and the Board advised and consented. The Board voted that incumbent-out of the office, and the Mayor approved and assented to the vote—see letters 24th, 27th and 30th January, 1837. The same powers, therefore, that filled the office vacated it. But it is said that the assent of the Mayor was not until after the action of the Board in the case of the removal; whereas, in the appointment it was first. I answer, it matters not whether it was first or last, so it was given. If the joint action of the Board and Mayor is required, and if they cannot both act in the same identical moment, it matters not for the sufficiency of the result which acts first. Two and three make five as fully as three and two make five. Besides, the charter does not require that the action of the Mayor should be first, and this settles the controversy.

But here in point of fact, is both a prior and subsequent assent and approbation. The Mayor first points out the requisites and mode of vacating, which suggestions are followed by the Board, and subsequently, he gives his approbation by not returning the ordinance with his objections, according to the charter as above stated; and not only so, but also by nominating a successor, the present appellant.

8th. But it is not necessary that the same powers that create should act in displacing. The President under the constitution of the United States, in cases where the provisions are similar to those governing the city authorities in the selection of city attorney, displaces an officer of and by his own motion and act—even when the nomination of that officer to his office had been confirmed by the Senate. As for instance, it requires the nomination

JUNE TERM
1837.

Polk
v.
State of Missouri.

70

JUNE TERM
1837.

Polk
v.
State of Missouri.

of the President, and the advice and consent of the Senate to depute a foreign Ambassador. But the President recalls that Minister, and perhaps, giving him some other office under his government, by his own and sole act.

9th. If the removal of the former incumbent—the present relator be valid—then it is not and cannot be questioned that the appointment of the present occupant is legally made; and that he consequently lawfully holds, uses and exercises the said office of attorney and solicitor for the Mayor, Aldermen, and citizens of the city of St. Louis.

10th. And it is not to be omitted that the information was filed, and proceedings commenced in a civil court, and finally adjudicated in a criminal court of different character and jurisdiction.

Points and citations of authorities, made by *B. Mullanphy*, attorney for defendant in error.

The following authorities are relied on to sustain the judgment of the circuit court: No city officer's office (save that of Mayor and Aldermen) can be vacated, save by ceasing to reside within the limits of the city charter. See sec. 15, p. 58 of ordinances.

The Mayor and Board of Aldermen shall have power by ordinance, to regulate the election of city officers—to remove from office any person holding an office created by ordinance—charter, sec. 32, p. 60.

Ordinances must be presented to the Mayor for his approval, and other forms observed—charter, sections 33, 34 and 37.

The removal from office, if authorised, must be on due process of law, and for some misdemeanor or offence, and on notice, &c.

The constitution of the United States, art. 5. p. 19 of ordinances, says no person shall be deprived of life, liberty, or property, without due process of law. The constitution of Missouri says, that no person shall be deprived of life, liberty, or property, but by the judgment of his peers, or the law of the land—art. 13, 59.

To constitute a legal *amotion* it is necessary that the corporation receive notice to appear; that an assembly of those who have power to remove, convene—that the proceedings be conducted in such manner that he have a fair opportunity of defending himself—and that he be convicted of the offence—1 Burr, 540; 2 Burr, 731; Boggs' case, 11 Rep. 99, and 1 Burr, 517.

Unless an officer be elected and declared to hold dur-

ing pleasure, the power of *amotion* as well as the disfranchisement ought to be exercised in a just and reasonable manner, and upon due notice and opportunity to be heard. 2 Kent, 293; vide 2 Sergeant and Rawle, 141. Notice of *amotion*.

It does not appear that the summons should particularize the charges, but that some information of them ought to be given, that the accused may have an opportunity of vindicating himself—R. vs. Cor. of Wilton, 5 Mod. 257; R. vs. Liverpool, 2 Burr, 734; 5 Exeter vs. Hyde, 4 Mod. 37; R. vs. Ipswich, 2 L. Ray, 1240.

One who has left the municipality and resided elsewhere for five months, is entitled to notice to come and defend himself, for this can by no construction be construed an abandonment of the borough—4 Burr, 2089.

The charge against the accused must be alleged with substantial certainty—R. vs. Regis Douglas, 174.

The officer must have an opportunity afforded him of answering the charges preferred against him, and making a full defence—Boggs' case, 1 Rob. 225, S. C. 11, 60, 99.

If a charge insufficient in itself be alleged against an officer the *amotion* is not legal, though he confess a sufficient offence—2 L. Ray, 1240; R. vs. Ipswich.

Departure from the borough and its liberties with his family about five months before, and not having returned at the time of the *amotion*, is not sufficient to warrant a motion, unless a special damage *has* been caused to the borough by such absence—4 Burr, 2687.

It is an admitted principle of law that a corporation has no other powers than such as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into effect the powers expressly granted—vide 2 Cranch, 127; 2 Kent, 299; 4 Wheaton's Rep. 636; 4 Peter's U. S. R., 152.

Statement of the case made, and opinion delivered by McGirk, Judge.

This proceeding in the circuit court of St. Louis county, was a *quo warranto*, in the nature of an information at the relation of A. W. Manning. The information shows, that sometime in 1836, A. W. Manning was by the Mayor and Aldermen of the city of St. Louis, appointed city attorney for the corporation; and that afterwards, the Board turned said Manning out of said office unlawfully, and put in his place Mr. Polk, the plaintiff in error. In the court below, the plaintiff in this court pleaded that the said Manning was lawfully turned out of

JUNE TERM
1837.

Polk
v.
State of Missouri.

said office, and his plea shews specially the manner, and reason of doing it, and concludes by a prayer of judgment. The State replied to this plea, taking issue on the facts. There was also, a second plea of like nature, and issue in the same manner.

On these pleas the parties went to trial, and neither party requiring a jury, the evidence was submitted to the court. The court found both issues for the State, and gave judgment of ouster against Polk. The plaintiff took a bill of exceptions and spread out the evidence. The bill of exceptions concludes by asserting that on the evidence so saved, the court gave judgment of ouster, &c. No motion was made for a new trial of the issue— no point of law was made to the court; but the objection is to the verdict of the court sitting as a jury. If a new trial had been asked for and improperly refused, the error could be corrected here; but without that, we never have on the evidence disturbed a verdict. In all cases where the matters in issue of fact and law are submitted to the court, the parties must separate the matters of law from the fact, and have the opinion of the court on the points of law. Then it can be seen on what ground the court decided the case. But in this case, if there be any error at all, we cannot know whether in law or fact; and if in law, it is but fair that that court should have had its attention expressly called to the point. If it had, the error, if any, might have been corrected. The rule as applied to this case, has been applied by this court at least to twenty cases heretofore.

Inasmuch as there is nothing to shew how and in what the court erred, this court is obliged to affirm the judgment. The same is affirmed with costs.

TOMPKINS, Judge. I concur in the above opinion.

The supreme court will not disturb the verdict of a jury, or the circuit court sitting as a jury, unless the matters of law or fact determined by such verdict are properly brought before the court by a motion for a new trial in the court below