## UNITED STATES *v.* CLAASEN.

*(Circuit Court, S. D. New York. April 23, 1891.)*

BILL OF EXCEPTIONS—WAIVER—CRIMINAL LAW.

Where the defendant in a criminal case presents to the judge minutes of the trial, in which some of his exceptions are omitted, and the same is signed by the judge, and used in moving for arrest of judgment and for a new trial, no further bill of exceptions should be given after issuance of a writ of error, since the defendant has thereby waived the exceptions omitted from the minutes.

At Law.
*Edward Mitchell,* for the United States.
*Hector M. Hitchings,* for defendant.

BENEDICT, J. This is an application on the part of the defendant for a bill of exceptions. A statement of the proceedings had in the case is necessary to an understanding of the questions involved. The defendant, having been indicted for embezzling and misapplying the funds of a national bank, of which he was president, was on the 28th day of May, 1890, found guilty by the jury. During the trial many exceptions were taken by the defendant, which were duly noted. At that time there was no law providing for a writ of error in criminal cases tried in the circuit courts of the United States. By the rules of the circuit court of the southern district of New York, however, adopted March 12, 1879, provision was made for the correction of any error committed in the trial of a criminal case by means of a motion for a new trial and in arrest of judgment, to be heard before the three judges authorized by section 613 of the Revised Statutes to hold the criminal terms of that court, the same to be made upon minutes of the trial to be settled by the judge who tried the case, and filed before the first day of the term next subsequent to the term at which the trial is had. In the present case, after the verdict, and before judgment, minutes of the trial, containing some exceptions that had been noted at the trial and omitting others, were presented by the defendant for settlement, and the same were by consent settled and signed by the judge. On the 9th day of July, 1890, a printed copy of the minutes as settled and signed was filed, and thereupon became part of the record. Thereafter, and on the 24th day of October, 1890, the cause came on to be heard before Judges

WALLACE, BROWN, and BENEDICT, in accordance with the rules of 1879, already referred to, when the defendant, then represented by new counsel, applied for an opportunity to procure to be inserted in the record exceptions not appearing in the minutes of the trial as the same had been settled and filed in July previous. This application was denied by the court, and motions for a new trial and for an arrest of judgment were then argued before the three judges upon the record as it stood, and the same were thereafter by them at the December term, 1890, denied. Thereafter, on the 18th of March, 1891, at the March term, the defendant was sentenced to be imprisoned for a term of six years, and it was then ordered that the sentence be executed in the Erie county penitentiary. On the 21st day of March, and before the sentence was carried into effect, a writ of error from the supreme court of the United States was allowed by Mr. Justice BLATCHFORD, with a direction that the writ of error operate as a *supersedeas* and a stay of execution, with leave to the United States to move to vacate the stay as having been granted without authority of law. And now, on the 17th of April, 1891, application is made to the judge who tried the cause for his signature to a bill of exceptions containing many exceptions which do not appear in the minutes of the trial on file. From this statement it will be seen that this application is made after judgment, without leave previously obtained; that it is made after a writ of error, a *supersedeas*, and a stay of proceedings by a justice of the supreme court of the United States; that the objection of the application is to have inserted in the record other exceptions than those now appearing therein; that some eleven months have elapsed since the verdict, and some nine months have elapsed since the minutes of the trial, as presented by the defendant, by his consent settled and signed by the judge, and made part of the record, and after an application for opportunity to procure the insertion in the record of exceptions other than those appearing in the minutes has been denied by the three judges. To this application the district attorney objects upon several grounds. One ground is that, inasmuch as the joint resolution of March 3, 1891, declares that nothing in the statute of March 3, 1891, creating the circuit court of appeals, shall be held or construed in any wise to impair the jurisdiction of any circuit court of the United States in any case now pending before it, or in respect to any case wherein a writ of error or appeal shall have been sued out or taken before the 1st day of July, 1891, the provision made in the statute of March 3, 1891, for a writ of error in criminal cases, which in legal effect deprives the circuit courts of the power theretofore possessed to render final judgment in a criminal case without any appeal, and prevents the circuit courts from carrying into effect any sentence that may have been pronounced by such courts, impairs the jurisdiction of the circuit courts within the meaning of the joint resolution, and therefore confers no right to a bill of exceptions in this case. This objection, however, the district attorney declined to argue for the reason that a writ of error and a stay of proceedings has been issued herein by Mr. Justice BLATCHFORD. For the same reason the objection will receive no further attention on this oc-

casion. It is further objected by the district attorney that, no application for a bill of exceptions having been made prior to the sentence, nor any leave to make a bill of exceptions having been granted prior to judgment, it is now too late to present a bill of exceptions. In support of this objection reference is made to the rules of this court in criminal cases already referred to, and to rules 67 and 69 of this court, and also to the cases of *Walton* v. *U. S.*, 9 Wheat. 651; *Muller* v. *Ehlers,* 91 U. S. 249; *Ex parte Bradstreet,* 4 Pet. 102; *Generes* v. *Bonnemer,* 7 Wall. 564; *In re Chateaugay Iron Co.*, 128 U. S. 544, 551, 9 Sup. Ct. Rep. 150. It is still further objected on the part of the United States that after a writ of error and a *supersedeas* and a stay has been issued by a justice of the supreme court and filed in this court, this court has no power to open the judgment and allow a bill of exceptions; and reference is made to *Draper* v. *Davis,* 102 U. S. 370; *Keyser* v. *Farr,* 105 U. S. 265; *Morgan's, etc., Co.* v. *Texas Cent. Ry. Co.*, 32 Fed. Rep. 530. And lastly it is insisted in behalf of the United States that the defendant, having presented for the signature of the judge minutes of the trial, and the same having been signed by the judge, and incorporated in the record with the consent of the defendant, and the case having been heard and decided by the three judges upon such minutes, the record now contains a statement of the only exceptions subject to review sufficiently authenticated, and is therefore complete; and reference is made to *Railroad Co.* v. *Warren,* 137 U. S. 348, 11 Sup. Ct. Rep. 96; *Herbert* v. *Butler,* 97 U. S. 319.

Inasmuch as in my opinion the last objection above stated is fatal to the present application, the validity of the other objections will not be considered on this occasion, and the application will be denied upon the ground that the record as it stands contains all exceptions which have not been waived and abandoned in this case, and that there is no occasion for any other or different bill of exceptions than the one already incorporated in the record. This plainly appears, as it seems to me, from the above statement of the proceedings had in the cause. The defendant, after the rendition of the verdict, moved for a new trial, and also for an arrest of judgment. He founded those motions upon what had occurred at the trial as stated in the minutes of the trial prepared by him. These minutes of the trial were signed by the judge who tried the case, the defendant consenting, and, being filed by him, became part of the record. These minutes of the trial were made with all deliberation, and without suggestion of fraud or mistake or misapprehension. In these minutes certain exceptions which had been taken and noted at the trial were inserted, and certain other exceptions which had been taken and noted at the trial were omitted. By this action, in my opinion, the defendant abandoned all exceptions taken at the trial, save only those which he had caused to be set down in the minutes of the trial prepared by him, and made by him a part of the record. The minutes of the trial, as now appearing in the record, have all the requirements of a bill of exceptions. It was made for the purpose of a review of the proceedings had at the trial, and upon it the case has been heard and

decided by the three judges. That hearing was not, as the present counsel for the defendant seems to understand, upon a motion for a new trial only, but also upon a motion in arrest of judgment, made according to the notice "upon the exceptions taken at the trial and upon the pleadings and proceedings herein," which motion brought before the three judges for review all rulings made at the trial to which exceptions had been taken, as well as all exceptions to the charge to the jury, for which a writ of error would lie if such writ had been then authorized by law. Grah. Pr. p. 641. When for the purpose of such a hearing the defendant caused such minutes of the trial to be filed, which he had himself procured to be approved and verified by the judge's signature, and from which he deliberately omitted the exceptions which he now seeks to have inserted in the record, he, in my opinion, waived all the exceptions so omitted. Upon that record the case has been argued and decided by the three judges, and it is that record which is called for by the writ of error from the supreme court of the United States. There is in *Vaughn* v. *State*, 4 Mo. 290, a decision to the effect that a statute authorizing a bill of exceptions in criminal cases does not give the right to a bill of exceptions in cases arising before the passage of the act, and when no bill of exceptions was allowed by law; but, assuming that the statute of March 3, 1891, although enacted subsequent to the review of this case by the three judges, gives to the supreme court of the United States the right to review the record in this case upon writ of error, the statute applies to the record as it stood complete in the matter of exceptions taken at the trial when the statute was passed. It had no effect to revive exceptions that had been waived and abandoned, nor does it, in my opinion, require or permit a second bill of exceptions to be incorporated into the record as it stood at the time of the passage of the act. Upon these grounds, therefore, the application is denied; and it is permitted to add that, if these grounds be found insufficient by the supreme court, all detriment to the defendant will be avoided by their writ of *mandamus*.