THE STATE v. CHARLES D. DIMMICK, Plaintiff in Error.—53 S. W. (2d) 262.

Division Two, September 28, 1932.

*Earl C. Borchers* for plaintiff in error.

*Stratton Shartel,* Attorney-General and *Edward G. Robison,* Assistant Attorney-General, for defendant in error.

ELLISON, J.—The plaintiff in error, whom we shall for convenience call the defendant, was convicted by a jury of first degree murder in the Circuit Court of Nodaway County, on change of venue from Andrew County, and his punishment assessed at life imprisonment in the penitentiary. The specific charge was that he killed his wife, Abbie Dimmick, by beating her with a rock. He filed no motion for a new trial, no bill of exceptions and took no appeal; but within one year after judgment and sentence brought the record here for examination by writ of error.

In his brief defendant makes a preliminary contention that a writ of error, "being a writ of right, secures to defendant the right to have all errors committed in his trial reviewed by the proper appellate tribunal"—meaning the whole record should be scrutinized, including matters of exception. On this theory, before the oral argument he filed written Suggestions of Diminution of Record asking this court to require the clerk of the circuit court to send up the original verdict and to make out, certify and transmit a bill of exceptions. This motion was sustained as to the verdict and by agreement he filed written Suggestions of Diminution of Record asking was denied as to the bill of exceptions. Nevertheless certain matters of exception do appear in the record already here, among which are the defendant's application for a change of venue with the trial court's order sustaining the same and the defendant's exceptions thereto. There is nothing in the record concerning the verdict beyond the usual formal recitals—nothing to show it was amended by

interlineation, or that defendant objected and excepted. But the photostatic copy of the verdict does show interlineations.

Based on his aforesaid preliminary contention and the foregoing facts, the defendant assigns error on the part of the trial court: (1) in sending the cause from Andrew County to Nodaway County in a different judicial circuit; (2) and in the interlineation of the verdict. The Attorney-General contends the proceedings to which both of these assignments are addressed were matters of exception, and that neither point is properly before this court because not preserved by the filing of a motion for new trial and bill of exceptions below. As to the verdict it is further asserted there is nothing in the record disclosing the facts and circumstances attending the interlineation.

No error is apparent on the face of the record proper. It shows a valid information filed; that there was a waiver of formal arraignment and plea of not guilty; that the trial proceeded on the information, the defendant being present and the jury duly impaneled and sworn; that a verdict was returned in form complying with the law, the defendant granted allocution, and judgment and sentence pronounced. The only questions for decision are the three points presented in defendant's brief: whether the scope of our review extends to the two assignments urged; and if it does, whether either should be sustained.

I. The defendant has cited two or three authorities but none of them sustains his contention that a writ of error brings up matters of exception without a bill of exceptions. We have been unable to find any—anywhere. If defendant is correct there is no need for bills of exception. And as said in Grover Irrig. & L. Co. v. Lovella Ditch, R. & I. Co., 21 Wyo. 204, 131 Pac. 43, Ann. Cas. 1915 D, 1207, 1208, L. R. A. 1916 C, 1275, 1278, "the only reason for allowing or providing for a bill of exceptions was that the ruling excepted to could not otherwise appear upon the record."

The writ comes to us from the common law. Until recent times in England it furnished the only means of removing records in criminal cases to higher courts for review. [26 Standard Ency. of Proceed. p. 615.] Bills of exceptions have been authorized in England since the enactment of the statute of 2 Westminster, 13 Edw. 1, chap. 31, in 1285. But while thereafter allowed in misdemeanor cases *ex gratia*, it has been doubted whether the statute extended to criminal cases. [2 Tidd's Practice, p. 863.] Many authorities say flatly it applied only to civil and not to criminal proceedings. [2 R. C. L. sec. 113, p. 140; Freeman v. People, 4 Denio (N. Y.) 9, 47 Am. Dec. 216, 220; State v. Croteau, 23 Vt. 14, 54 Am. Dec. 90, 114; State v. Sorrentino, 31 Wyo. 129, 224 Pac. 420; 34 A. L. R. 1477, 1485.] At any rate, it is agreed by all the courts that a writ of

error reached only errors apparent on the face of the record proper in the absence of a bill of exceptions. See authorities, supra, and Hopkins v. Commonwealth, 50 Pa. St. 9, 88 Am. Dec. 518, 520; Wheeler v. Winn, 53 Pa. St. 122, 91 Am. Dec. 186, 187; 7 Ency. Pl. & Pr. p. 847.

The common law and general statutes of England as in force 4th James 1 were adopted in this State in 1816, Lindell v. McNeir, 4 Mo. 380, 382. At that time and until 1835 there was no right of appeal in criminal cases. [State v. Thayer, 158 Mo. 36, 39 et seq., 58 S. W. 12, 25.] They were taken up by writ of error, as in England. Neither, until 1835, did our statutes provide for bills of exceptions save in civil cases, 1 Laws 1825, pp. 314 to 323; 2 Laws 1825, p. 631, sec. 39; R. S. 1835, p. 491, sec. 23 (now Sec. 3695, R. S. 1929). But for a time the practice seems to have been unsettled. In at least three of the earliest decisions in criminal cases the fact is mentioned in the opinions that the records had been brought up by bill of exceptions: Calloway v. State, 1 Mo. 212; State v. Douglas, 1 Mo. 527; King v. State, 1 Mo. 717. Several others were decided on matters of exception, in particular, Jim (a slave) v. State, 3 Mo. 147, 159, where a murder case was reversed and remanded for failure to grant a change of venue.

But in State v. Henry (a slave), 2 Mo. 218, the court said a bill of exceptions does not lie in a criminal case either at common law or under the statute; and in Mitchell v. State, 3 Mo. 283, it was ruled that while a writ of error could be had in a capital case, the plaintiff in error was not entitled to a bill of exceptions. The argument for the writ, as reported in the opinion, was almost a counterpart of what has been presented in the instant case. The court said: "It is insisted that a bill of exceptions is a mere corallary or necessary incident to the writ of error, and that the writ of error being a writ of right in all cases, criminal as well as civil, in order to make it effectual the suitor must be allowed in all cases his bill of exception." But the court held otherwise, conforming to the common-law rule and the then provision of our statute, and confined itself to the record proper. In Vaughn v. State, 4 Mo. 290, the same rule was applied to misdemeanors. The case was decided in 1836, but arose before the enactment of the statute in 1835 allowing bills of exceptions in criminal cases. That fact is mentioned in the opinion.

Since 1835, so far as concerns the taking and saving of exceptions in criminal cases, appellants and plaintiffs in error have stood on exactly the same footing. Section 3756, Revised Statutes 1929, provides "when any appeal shall be taken *or writ of error issued*, which shall operate as a stay of proceedings it shall be the duty of the clerk of the court in which the proceedings were had to make out a full transcript of the record in the cause *including the bill of exceptions.*

. . ." This section is substantially the same as Revised Statutes 1835, page 498, section 9, and refers to capital cases where the punishment inflicted is death, State v. Hall, 312 Mo. 425, 445, 279 S. W. 102, 109. The next section, Section 3757, Revised Statutes 1929, says "When the appeal *or writ of error* does not operate as a stay of proceedings, such transcript shall be made out, certified and returned, on the application of the appellant *or plaintiff in error,* as in civil cases. . . ." (All the foregoing italics ours.) This is the identical language used in Revised Statutes 1835, page 499, section 10. In other words, it makes no difference whether the case is brought up by appeal or writ of error. Either way, if the complaining party would have the higher court review matters of exception they must be incorporated in a bill of exceptions. Both an appeal and a writ of error in criminal as well as civil cases bring up only to the record proper in the absence of a bill of exceptions. [State v. Marshall, 36 Mo. 400; State v. Purdin, 69 Mo. 450; State ex rel. Malin v. Merriam, 159 Mo. 655, 661, 60 S. W. 1112, 1114; State v. Gregori, 318 Mo. 998, 2 S. W. (2d) 747.] The same is true where no motion for new trial was filed below. [Polk v. State, 4 Mo. 544, 549; State v. Baird, 297 Mo. 219, 227, 248 S. W. 596, 598.] And in these circumstances it will avail nothing that matters of exception have been incorporated in the record proper. [State v. Forshee, 308 Mo. 651, 661, 274 S. W. 419, 422; State v. Kaiser, 318 Mo. 523, 300 S. W. 716; State v. Hembree (Mo.), 37 S. W. (2d) 448.]

II. Defendant filed a motion for a change of venue on account of the prejudice of the inhabitants of Andrew, Clinton, DeKalb and Holt counties, these being four of the five counties in the Fifth Judicial Circuit. The remaining county is Platte. [Sec. 1969, R. S. 1929.] The trial court sustained the application but sent the cause to Nodaway County in an adjoining circuit instead of to Platte County, under the concluding proviso of Section 3630, Revised Statutes 1929. Defendant contends this was error; that the venue should have been changed to Platte County in the same circuit, by force of the provisions of Sections 3626 and 3628, Revised Statutes 1929; and that the Circuit Court of Nodaway County for that reason was without jurisdiction. The record recites the defendant excepted to the order, but the law is well settled that this was matter of exception which should be preserved for review only by the filing of a motion for new trial and bill of exceptions. The assignment is, therefore, not open to consideration. [State v. Gamble, 119 Mo. 427, 430, 24 S. W. 1030, 1031; State v. Baird, supra. 297 Mo. l. c. 227, 248 S. W. l. c. 598; State v. Ball, 321 Mo. 1171, 1185, 12 S. W. (2d) 638, 643.]

■ III. The record recites the jury returned into open court a verdict thereafter duly recorded which the jurors upon a poll by the court severally declared to be their verdict, to-wit:

"State of Missouri

vs.

"Charles D. Dimmick

"We, the jury in the above entitled cause, find the defendant guilty of murder in the first degree, and we assess his punishment at imprisonment in the penitentiary for the period of his natural life.

"THOMAS J. PARLE, Foreman."

The photostatic copy of the verdict shows the same to be in the following form:

"State of Missouri   Plaintiff

vs

"Charles D. Dimmick   Defendant

"We, the Jury in the above entitled cause find

the defendant guilty of murder in the first degree and we

imprisonment

assess his punishment at ~~life impreement~~ in the penitentiary

for the period of his naurel life.

"THOMAS J. PARLE

"Foreman"

As will be observed, the interlineation is not shown or accounted for in the printed record, and the word "naurel" is changed to "natural." Defendant says in his brief the interlineation was made in open court by the trial judge, himself, and that the jury consented under the suggestion and pressure of the judge. It is contended this was error: that the jury should have made up their verdict in the *jury room,* under Sections 3683 and 3700, Revised Statutes 1929.

The record of the circuit court certified by its clerk imports absolute verity. [State v. Borchert, 312 Mo. 447, 453, 279 S. W. 72, 74.] It was held in State v. Steptoe, 65 Mo. 640, 643, that where a certain verdict was shown by the record, and a different verdict, irregular in form, was appended to the transcript, accompanied by a stipulation signed by counsel on both sides and acknowledged before the circuit clerk that the latter verdict was the one actually returned by the jury and that the record should be considered amended accordingly—it was held, we say, that the first verdict, the one appearing in the record, would nevertheless be taken as the correct one, because the second verdict did not appear in the record proper or bill of exceptions, the stipulation was not filed in the trial court, and the record failed to show the matter had been brought to the attention of the court by the motion for new trial.

But the verdict is a part of the record proper, State v. Modlin, 197 Mo. 376, 379, 95 S. W. 345, 346; State v. Person, 234 Mo. 262,

269, 136 S. W. 296, 298; State v. Miller, 255 Mo. 223, 230, 164 S. W. 482, 484; and could be scrutinized by this court without any motion for new trial. In fact we are bound to consider it. [Sec. 3760, R. S. 1929; State v. Van Wye, 136 Mo. 227, 243, 37 S. W. 938, 942; State v. King, 194 Mo. 474, 484, 92 S. W. 670, 674; State v. Person, 234 Mo. 262, 269, 136 S. W. 296, 298.] If, therefore, the verdict were fatally defective it would be immaterial whether the matter had been called to the attention of the trial court, State v. Borchert, supra, 312 Mo. 1. c. 453, 279 S. W. 1. c. 73.

■ Where the record brought up is incorrect it is the duty of the complaining party to suggest diminution of record in this court and ask a writ of *certiorari.* [State v. Orrick, 106 Mo. 111, 118, 17 S. W. 176, 177; State v. Blunt, 110 Mo. 322, 336, 19 S. W. 650, 654; State v. Kelsay (Mo.), 18 S. W. (2d) 491, 492.] ■ The defendant did this, and the photostatic copy of the verdict was by agreement taken as and for the original in open court and with the consent of this court. There is no suggestion that it is not the verdict returned by the jury. We shall so recognize it and treat it as a part of the record.

■ But the Attorney-General maintains, and we think correctly, that the verdict though irregular is not fatally defective. As is said in State v. Smith, 284 Mo. 168, 173, 223 S. W. 749, 750, quoting from an earlier case "in determining the sufficiency of a verdict the controlling object is to learn the intent of the jury." The same decision declares "the verdict of a jury is not to be tested by the technical rules of construction which are applied to pleadings; but should be liberally construed." The rule is laid down, also, that "neither bad words nor bad grammar will vitiate a verdict when its meaning is clear." [State v. Martin, 230 Mo. 680, 692, 132 S. W. 595. See, also, 27 R. C. L. sec. 31, p. 859; 17 C. J. sec. 3719, p. 355.]

■ We have not found a decision dealing with a verdict which had been changed by interlineation. But in this case it is obvious the intention of the jury was to fix the punishment of the defendant at imprisonment in the penitentiary during his natural life. The words scratched out are "life impresment;" the word interlined is "imprisonment." The word natural is spelled "naurel" but could be dropped from the verdict without destroying its meaning; so could the word "impresment." [State v. Jones, 106 Mo. 302, 311, 17 S. W. 366, 369.] The verdict was not prejudicially irregular in failing to find the defendant was guilty "as charged in the information." This, also, has been decided, State v. Carroll, 288 Mo. 392, 408, 232 S. W. 699, 702. In addition to the foregoing, if the verdict was legally defective as to the punishment assessed (and it is only in that part that the irregularities appear) the trial judge was charged with the duty of assessing the punishment, Section 3704, Revised Statutes 1929; State v. King, supra, 194 Mo. 1. c. 484, 92 S. W. 1. c.

674; and did so in pronouncing judgment and sentence making the punishment life imprisonment in the penitentiary as authorized by the statute, Section 3984, Revised Statutes 1929. [State v. Carroll, supra, 288 Mo. 1. c. 408, 232 S. W. 1. c. 703.] From all of this it results there is no error in the record proper affecting the verdict.

■ Defendant asserts in his brief the jury consented to the amendment of the verdict at the suggestion and under pressure of the circuit judge. There is no evidence whatever of this. For that matter there is no proof the jury did not themselves change the verdict in the jury room. But all this is matter of exception and cannot be considered in the absence of a bill of exceptions showing what transpired below, and that defendant duly objected and excepted. [State v. Miles, 199 Mo. 530, 559, 98 S. W. 25, 33; State v. Hubbs, 294 Mo. 224, 230, 242 S. W. 675, 677; State v. Levan, 306 Mo. 507, 518, 267 S. W. 935, 938.] ■ Furthermore, there is abundant authority that the trial court was well within its inherent rights in assisting the jury to make slight changes in the form of the verdict according with the conclusion it had reached; and there was no need of sending the jury back to the jury room on a purely formal matter. [State v. Chumley, 67 Mo. 41, 45; State v. Sartino, 216 Mo. 408, 418, 115 S. W. 1015, 1018; Keyes v. C., B. & Q. Rd. Co., 326 Mo. 236, 260, 31 S. W. (2d) 50, 60.]

IV. Defendant in his brief assigns error only on the two grounds discussed in the preceding paragraphs. In the concluding portion of his argument, however, he asks us to refer back to his written petition applying for our writ of error, wherein some thirty errors are assigned. Some of these assignments refer to matters appearing in the record proper; most of their present questions which cannot be raised without a motion for new trial and bill of exceptions as a basis. ■ What we have said disposes of all of them, but we shall mention one specifically. The contention is made that the record fails to show the venue was proven. There is no merit in this contention. It is only when a bill of exceptions shows the venue was not proven that this point is available to a defendant. [State v. Keeland, 90 Mo. 337, 2 S. W. 442; State v. Hughes, 82 Mo. 86, 88; State v. Quaite, 20 Mo. App. 405.]

The record is free from reversible error and the judgment is affirmed. All concur.