# THE STATE v. MERT HOLMAN, Appellant.

### Division Two, November 29, 1910.

BILL OF EXCEPTIONS: Due When Motion for New Trial is Overruled. The bill of exceptions must be filed at the term at which the motion for a new trial is overruled, or an order of court must be made at such term permitting appellant to file his bill at a later term, else no exceptions can be considered on appeal. So that where defendant filed his motion for a new trial within time, and that motion was overruled at that term, whereupon he on the same day filed his motion in arrest and that motion was continued to the next term, and at said next term defendant for the first time obtained an order extending the time in which to file a bill of exceptions, that bill, though filed within the time fixed by that order, cannot be considered on appeal, because it was not filed, nor an order made to file later, at the term at which the motion for a new trial was overruled.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The information is sufficient in form and substance. R. S. 1899, sec. 1837; Sherwood's Criminal Law, p. 86; Kelley's Criminal Law, sec. 535; State v. Houx, 109 Mo. 658; State v. Burries, 126 Mo. 566. (2) All exceptions taken during the trial of a cause must be preserved in a bill of exceptions filed during the term of court at which they were taken, or within such time after the expiration of the term as the court may grant. A continuance of the motion in arrest from the June term to the October term did not save matters of exceptions. There being then no valid bill of exceptions, nothing but the record proper can be considered

on this appeal. State v. Lawler, 220 Mo. 30; State v. Jackson, 209 Mo. 399; State v. Harroun, 199 Mo. 260; State v. Goehler, 193 Mo. 180.

GANTT, P. J.—On the 14th day of June, 1909, and during the June term of the Pike County Circuit Court, the prosecuting attorney of said county filed in said court an information, duly verified, charging that Mert Holman, the appellant herein, did, "on or about the 9th day of March, 1909, in the county of Pike and State of Missouri, in and upon one Cora Flowers, a female, unlawfully, violently and feloniously did make an assault, and her, the said Cora Flowers, then and there unlawfully, forcibly and against her will feloniously did ravish and carnally know, against the peace and dignity of the State."

Appellant was thereafter duly arraigned, entered a plea of not guilty, and was tried by a jury, which, on July 1, 1909, and during said June term of court, returned a verdict finding appellant guilty of rape, as charged, and assessed the death penalty. On the 5th day of July, 1909, and during the said June term of court, the appellant filed his motion for a new trial, which motion was by the court overruled on the 14th day of July and during said June term of court. On the 14th day of July, 1909, and during said June term of court, the appellant filed his motion in arrest, which was by the court continued until the next regular term. On the 12th day of October, 1909, and during the October term of said Pike County Circuit Court, appellant's motion in arrest was by the court overruled. On the 14th day of October, 1909, and during said October term of court, appellant was granted an appeal to this court, and was given until the 2d day of the next regular term in which to file his bill of exceptions. The bill of exceptions was filed within the time granted.

No bill of exceptions was filed at said June term of court, the term at which the motion for a new trial

was overruled, nor was leave granted to appellant by an order of record to file his bill of exceptions after the adjournment of said June term of court.

I. The Attorney-General insists that the record proper only can be reviewed by this court, for the reason that the defendant did not file his bill of exceptions during the term at which his motion for new trial was overruled, nor did he obtain leave to file it at a later term or in vacation. The record sustains this view. The settled law of this State requires that exceptions taken during one term of court must be saved in a bill of exceptions filed at that term or subsequently within the time allowed by the court for that purpose. [State v. Ware, 69 Mo. 332; State v. Taylor, 134 Mo. 109; State v. Larew, 191 Mo. 192; State v. Lawler, 220 Mo. 26.]

We are then confined to the record proper. The information is sufficient and in the form often approved by this court. [State v. Houx, 109 Mo. 1. c. 658.] The arraignment, impaneling of the jury, the verdict and sentence of the court are all in due and regular form. No error appearing in the record, the judgment and sentence of the circuit court is affirmed and ordered to be carried into execution as the law directs.

*Burgess* and *Kennish, JJ.*, concur.