THE STATE v. HURT HARDY, JR., Plaintiff in Error.—98 S. W. (2d) 593.

Division Two, November 17, 1936.

*Threlkeld & Coffer* for plaintiff in error.

898

*Roy McKittrick*, Attorney General, and *Wm. W. Barnes*, Assistant Attorney General, for defendant in error. ·

BOHLING, C.—Hurt Hardy, Jr., was convicted of the murder, in the first degree, of Ethel Fahnestock in the Circuit Court of Ste. Genevieve County, and a judgment imposing the death sentence was entered in accord with the verdict of the jury. He prosecutes this review by writ of error.

The evidence establishes that defendant was "very much" in love with deceased. He endeavored to acquiesce in her desire to end their friendship and association. He held deceased in the highest esteem. Defendant testified he was unable to give deceased up and "came to the conclusion that the only way out was to take my own life and take her with me." This he accomplished in part by arising early on three successive mornings and proceeding to the home of deceased and lying in wait for deceased to attend to her usual morning chore of milking the cows. On the first morning defendant was about forty yards from deceased when he saw her and thought the distance was too great. On the second morning deceased was accompanied by her little brother and defendant desisted from his nefarious purpose on account of the child. On the next morning he determined to kill deceased, and secluded himself in the hayloft. Then, when deceased was seated and milking, defendant put the gun to his face and shot but deceased, seeing him, threw herself back and the shot did not accomplish its purpose. Defendant testified he did not want to see deceased suffer (deceased was seeking to escape to the house), so he shot again and then again, when deceased fell. She died soon thereafter. There was medical testimony that an examination revealed defendant was suffering from syphilis, described as "4 plus" Wasserman, indicative of the severest degree.

The verdict was returned on November 8th and sentence and judgment was entered on November 15, 1935. Neither the record proper

nor the bill of exceptions contains any reference to a motion for new trial and none was filed. Any number of cases may be found in our reports holding the timely filing of a proper motion for new trial, with the due saving of exceptions to the action of the court in overruling the same, are prerequisites to appellate review of any duly presented error of the trial court not appearing on the face of the record proper. However, counsel here, who did not represent appellant below, present the contention that since this review is by writ of error issuing out of this court for the purpose of correcting errors of the trial court, and not by appeal, all errors occurring during the progress of the trial (and from their brief whether or not preserved by due objection and exception) or shown by the record proper are available upon this review.

▇ Originally, under the practice in England, an appeal (unknown to the common law and borrowed from the civil law) was confined to chancery, ecclesiastical and admiralty proceedings—proceedings in courts functioning without the aid of a jury; while a writ of error (known alone to common-law courts) was the only method for the review of a common-law case [2 R. C. L., p. 27, sec. 2; 2 C. J., p. 300, sec. 5, p. 316, sec. 29; Words and Phrases—Tit. Appeal; Subtit. Writ of error distinguished, Vols. 1, 1st. Series, p. 446, 2nd Series, p. 244, 3rd Series, p. 513]. In Missouri the distinctions between the ancient functions of writs of error and appeals have been modified or obliterated as our legislation has combined and amalgamated the scope of the two processes for review; the principal differences now remaining being in the time when and the manner in which they may be resorted to. Generally speaking, a writ of error brings up for review only matters properly part of the record [3 C. J., p. 307, sec. 15], the object of the writ at common law being to correct errors of law [3 C. J., p. 305, sec. 14]. A complete transcript of the record on review now usually consists of two parts—one commonly designated the record proper; the other, the bill of exceptions, which latter becomes a part of the record upon being incorporated into the record proper by reference. The preservation of exceptions taken during the progress of a trial for appellate review was unknown to the early common law. To remedy this situation the statute of Westminster 2 (13 Edw. I) Stat. 1, c. 31, was passed in 1285, providing for the allowance of an exception; but said statute uniformily was held not to apply to criminal cases involving a felony [2 Bishop's New Crim. Proc. (2 Ed.), sec. 1265, p. 1094, n. 49, and cases there cited; 2 Chitty's Practice (Ed. of 1836), p. 374; 3 Wharton's Crim. Proc. (10 Ed.), p. 2141, sec. 1705; 2 R. C. L., p. 140, sec. 113; 3 Am. Jur., p. 239, sec. 624]. The common law and general statutes of England in force as of the fourth year of the reign of James I were adopted in this State [Sec. 645, R. S. 1929, Mo. Stat. Ann., p.

4894]; and the Missouri cases wherein the issue,was discussed are to the effect that in reviews of prosecutions for felony, a writ of error, under the common law, brought up only the record proper, and defendant was not entitled to a bill of exceptions [Mitchell v. State, 3 Mo. 283, 25 Am. Dec. 442; See also Vaughn v. State, 4 Mo. 290; State v. Van Matre, 49 Mo. 268, 270; State v. Dimmick, 331 Mo. 240, 243(I), 53 S. W. (2d) 262, 263 (1, 2)]. The position taken by plaintiff in error finds no support at the common law.

█ Under Missouri statutory enactments defendants in criminal cases may be awarded new trials upon application [Sec. 3733, R. S. 1929, Mo. Stat. Ann., p. 3272], and a review of the proceedings in the trial court may be had by appeal—of statutory origin—[Sec. 3740, R. S. 1929, Mo. Stat. Ann., p. 3286] or writ of error—of common law origin—[Sec. 3741, Ibid]. The remanding of a cause upon review proceedings instituted by a defendant results in a new trial [Sec. 3763, R. S. 1929, Mo. Stat. Ann., p. 3304], which proceeds in the same manner as if such cause had not been removed [Sec. 3767, R. S. 1929, Mo. Stat. Ann., p. 3305]. Appellants and plaintiffs in error are placed on an equal footing in the taking and saving of exceptions for appellate review [Secs. 3756, 3757, R. S. 1929, Mo. Stat. Ann., pp. 3292, 3295]. Exceptions may be made in the same cases and manner as provided by law in civil cases [Sec. 3695, R. S. 1929, Mo. Stat. Ann., p. 3251] and the practice prevailing in civil cases applies in certain other respects to criminal proceedings [Sec. 3679, R. S. 1929, Mo. Stat. Ann., p. 3227; Sec. 3680, R. S. 1929, Mo. Stat. Ann., p. 3227], except as otherwise provided by statute. The modern theory of the purpose of appellate review is the correction of all errors occurring during the progress of the trial, but as a condition precedent to appellate consideration of alleged error not appearing upon the face of the record due presentation and saving of the issue must be had in the trial court and a proper opportunity must have been afforded the trial court to review and revise its own rulings by a motion for new trial, in arrest, or other appropriate motion. Rights which formerly could have been presented by motions in arrest may now be saved in the motion for new trial, the motion in arrest being abolished in criminal proceedings [Sec. 3736, R. S. 1929, Mo. Stat. Ann., p. 3283]. A motion for new trial must set forth the grounds therefor in the manner and form prescribed by law and be timely filed [Sec. 3735, R. S. 1929, Mo. Stat. Ann., p. 3275]. If not so filed, exceptions taken and saved during the progress of the trial are not preserved for review upon writs of error [State v. Marshall, 36 Mo. 400, 402; Polk v. State, 4 Mo. 544, 549 (as to a motion in arrest: State v. Rosenblatt, 185 Mo. 114, 119, 83 S. W. 975, 976; as to a civil case: Spotts v. Spotts, 331 Mo. 917, 925(1), 55 S. W. (2d) 977, 980(1-4)] or appeal [see, among others, State

v. Baird, 297 Mo. 219, 225(II), 248 S. W. 596, 598(3); State v. Pritchett, 219 Mo. 696, 705, 119 S. W. 386, 388].

Absent a motion for new trial, we have for consideration only the record proper [see, among others, cases, supra; McGee v. State, 8 Mo. 495; Sec. 3760, R. S. 1929, Mo. Stat. Ann., p. 3298].

■ The record proper shows that defendant entered a plea of guilty upon arraignment; that the court rejected the same and directed a plea of not guilty to be entered; and that defendant thereupon put himself upon the country. Defendant contends the court erred in rejecting his plea of guilty and putting him to trial before a .jury.

An examination of all authorities cited by defendant discloses statements in some of them to the effect there is no doubt of defendant's right to plead guilty, notably: 8 R. C. L., p. 114, sec. 82, n. 8; 16 C. J., p. 400, sec. 734, n. 46; State v. Branner, 149 N. C. 559, 63 S. E. 169; Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann. Cas. 972. In no instance did the court have under consideration a situation wherein the trial court had rejected a plea of guilty. The statements (without the citation of supporting authority) appear in connection with the discussion of other issues; such as the right of a defendant to withdraw a plea of guilty previously entered [Pope v. State, supra], or the right of a defendant to escape all possibility of the death penalty by pleading guilty to a first degree murder charge; or the right of a defendant pleading guilty to have a jury determine the degree of the offense committed or the punishment to be inflicted. State v. Branner, supra, dismissing an appeal by the State, ruled no right of appeal existed in the State in the case. After hearing evidence on the plea of guilty, the trial court determined a fatal variance existed between the charge and the proof, ordered the plea sticken, entered a verdict of not guilty and discharged defendants. What was there said in arriving at the conclusion the trial court should have permitted the case to stand as though no plea had been entered and had no right to enter a verdict of not guilty was *dictum.* Defendant cites us to no case bearing directly on the issue and our search has revealed none.

History tells of the struggle for the right of trial by jury. The denial of this right in many instances was a complaint of sufficient importance to be enumerated in our Declaration of Independence; and the inviolability of the right of one accused of crime to a speedy and public trial by an impartial jury is guaranteed by the Constitution of the United States [Art. 3, Sec. 2, cl. 3; Amend. 6] and of the State of Missouri [Art. 2, Secs. 22 and 28]. The strong language employed in the preservation of this right in our organic law negatives the idea the enactments were attended by any thought a trial by an impartial jury might be prejudicial to a defendant.

Section 3984, Revised Statutes 1929 (Mo. Stat. Ann., p. 2788), provides for punishment by death or life imprisonment upon a conviction for murder in the first degree. Under Section 3704, Revised Statutes 1929 (Mo. Stat. Ann., p. 3259), the court may assess the punishment where the jury agree upon a verdict of guilty but fail to agree upon the punishment [see, State v. Adams, 323 Mo. 729, 735(I), 19 S. W. (2d) 671, 674(4), a first degree murder conviction], and "in all cases of judgment by confession, the court shall assess and declare the punishment." [As to the authority of the trial court to impose the extreme penalty upon a plea of guilty, see: State v. Kellar, 332 Mo. 62, 74, 55 S. W. (2d) 969, 974(4); State v. Williams, 320 Mo. 296, 307(III, IV), 6 S. W. (2d) 915, 919 (6, 7).] Section 3707, Revised Statutes 1929 (Mo. Stat. Ann., p. 3262), vests the court with power in cases of conviction, to reduce the extent or duration of the punishment assessed by the jury if the court is of opinion a conviction is proper but the punishment assessed is greater than ought to be inflicted. We find no authority in a court to increase the punishment imposed by a jury when within the minimum permitted by law.

Upon a confession of guilt there is no technical common law general issue triable. However, in a first degree murder case, under Section 3984, supra, there remains for determination the punishment—death or life imprisonment—depending upon the extenuating or mitigating circumstances connected with the case. The law favors the trial of criminal cases, and the greater the offense a defendant stands charged with the greater is the caution exercised by and the greater is the reluctance on the part of the court in accepting a plea of guilty. A plea of guilty, without a narration of the facts upon which it is based, partakes to a certain extent of the nature of a conclusion; and should the court, accepting a plea of guilty to a first degree murder charge, after investigation ascertain the homicide was justifiable or excusable or murder of a lesser degree, it, in the administration of justice, should and no one would deny its authority to reject the plea, apprise the defendant of his rights and thereafter proceed in the light of the actual facts disclosed. So, even though a plea of guilty, coupled with a consent to the imposition of the death penalty, may be said to eliminate all matters for determination, the solemn and momentous consequences justify such inquiry and investigation as in the exercise of a wise discretion seems proper to the court.

The record does not disclose what, if anything, transpired at the time the court made the entry rejecting defendant's plea. It does disclose, however, that defendant, without objection, entered upon and participated in the trial and adduced evidence directed toward the establishment of his insanity within the legal conception of that term in criminal law and, as we read the transcript, in-

fluencing the jury to inflict the lesser of the two penalties. The instructions of the court covered the issue of insanity as well as the other issues involved. The verdict of the jury determined these issues under the instructions from the facts adduced. The court, nevertheless, retained its authority, at least so long as the term continued, to set aside the verdict and grant defendant a new trial to correct any error, including any action of the jury deemed the result of passion or prejudice, or, under Section 3707, supra, might have reduced the punishment assessed by the jury if of the opinion, under the circumstances of the case, it was greater than ought to be inflicted. There is not one iota of substantial proof upon which to base even an inference that the court's rejection of defendant's plea followed by the resultant trial was legally prejudicial to defendant. Under these circumstances we are constrained to rule the point against defendant.

Defendant directs our attention to no other alleged error in the record proper. We find no error therein. It shows an information, good in form and substance, charging the offense of murder in the first degree duly filed, the arraignment of defendant, trial upon the information, defendant being present, the impaneling and swearing of the jury, the return of the verdict, complying with the law, into open court, allocution accorded, and judgment and sentence.

After a consideration of the issues presented with the utmost solicitude and an examination into and a deliberation upon them under a deep sense of the responsibility resting upon us, we conclude defendant was accorded the full protection of the law.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

Date of execution set for December 18, 1936.