**STATE of Missouri, Respondent,**

v.

**John Vernon DECKARD, Appellant.**

No. 48706.

Supreme Court of Missouri,

Division No. 2.

Feb. 12, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied March 12, 1962.

No appearance for appellant.

Thomas F. Eagleton, Atty. Gen., Wayne W. Waldo, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

This is an appeal by John V. Deckard, authorized by a special order granted under Supreme Court Rule 28.07 (42 V.A. M.S.) [1] on March 13, 1961, and prosecuted by defendant as a poor person under leave granted by the trial court, from a judgment imposing a sentence of ninety-nine years' imprisonment for forcible rape (§ 559.260) under the habitual criminal act (§ 556.280). (Statutory references are to RSMo 1959 and V.A.M.S.)

This defendant was represented in the trial court by counsel of his own choosing. He has filed writings that purport to be statements, briefs and arguments. In them he makes assertion after assertion that is refuted or not established by the record he presents for review; and he denounces his trial counsel (stating he paid counsel over $1,000), the prosecuting attorney, the sheriff, the trial judge, and the State's witnesses. We consider these filings of no assistance to the court or to the defendant on the issues for review.

The review of the trial of a case in the circuit court by an appellate court is on the duly authenticated record made in the trial court. Circuit courts speak only through their records, and their authenticated records import absolute verity, are binding upon the appellate courts, and preclude the consideration and determination of asserted errors not established by the record presented. State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335, 339[2]; State v. Harrison, Mo., 299 S.W.2d 479, 482[2]; State v. Johnstone, Mo., 335 S.W. 2d 199[14]. Certiorari to the Supreme Court of the United States was denied in each of these cases.

1. Now V.A.M.R.Crim. Rule 28.07.

■ No motion for new trial was filed in this case and matters required to be presented to the trial court in a motion for new trial are not preserved for review under this record. State v. Cook, Mo., 327 S.W.2d 854; State v. Graves, 352 Mo. 1102, 182 S.W.2d 46[3]; State v. Hardy, 339 Mo. 897, 98 S.W.2d 593, 595[4, 7]; State v. Hurtt, Mo., 338 S.W.2d 876[1], certiorari denied 364 U.S. 916, 81 S.Ct. 281, 5 L.Ed. 2d 229; State v. Burns, Mo., 328 S.W.2d 711, 714[7].

We have for consideration the matters mentioned in Sup.Ct.R. 28.02, formerly matters appearing as part of the record proper. § 547.270; Cook and Hardy, supra, among others.

■ The charge of forcible rape in this information is in the language of § 559.260 and is to like effect as charges held sufficient in form and substance in State v. General Armstrong, 167 Mo. 257, 266(I), 66 S.W. 961, 963(1); State v. Holman, 230 Mo. 653, 654, 132 S.W. 695, 696. See State v. Egner, 317 Mo. 457, 296 S.W. 145[2]. The information also sufficiently charged defendant, under the habitual criminal act, with having been convicted of two prior felonies, imprisoned in the penitentiary for each of said offenses and thereafter duly discharged therefrom. § 556.-280; State v. Brewer, Mo., 338 S.W.2d 863, 866[2].

■ The parties announced ready for trial on October 10, 1960, and defendant, present in court with his counsel, entered a plea of not guilty upon arraignment. The court, outside the presence of the jury panel, heard the evidence on the habitual criminal charge and announced its finding that defendant had been convicted of two prior felonies within the provisions of § 556.280. See State v. Barnes, Mo., 345 S.W.2d 130, 133; State v. Griffin, Mo., 339 S.W.2d 803, 806[8, 9], certiorari denied 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849. The jury was empaneled and sworn. The evidence

favorable to the State justified the following findings: The prosecuting witness, 20 years old, and her husband, aged 25, were married July 2, 1960. On July 5, 1960, they were on their honeymoon in a cabin of a motor court at Rockaway Beach, Taney County, Missouri. The husband was proceeding to investigate a noise at the door about 10:30 p. m. when a man, positively identified at the trial by prosecutrix and her husband to be defendant, entered with a hunting knife in his hand. He put the knife blade at the husband's throat, had him lie face down on the bed, put his hands behind his back, bound his hands and feet, blindfolded him, pushed him off the bed and, lifting up the bed, put it on top of the husband. Prosecutrix testified: "He told me if I didn't do what I was told he was going to kill both of us." He forced prosecutrix into the bathroom. He threatened both of them when she hesitated. He had her remove her panties, had her lie on the floor, and had sexual intercourse with her, holding the knife at her throat. He got up and walked out. Prosecutrix helped free her husband and they reported the occurrence to the owner of the cabins and the officers. There was additional corroborating evidence. The jury found "defendant guilty of rape as charged in the information."

Following the return of the verdict on October 11, the Court stated its findings, among others, that defendant had served two prison terms for felonies and been duly discharged therefrom prior to the commission of the rape upon prosecutrix, and assessed defendant's punishment at ninety-nine years' imprisonment. The record establishes that defendant was last discharged from prison on June 25, 1960; that the offense on trial was committed July 5, 1960, and the punishment assessed is within that authorized by § 559.260. The Court granted defendant's request to file a motion for new trial on or before November 10. On December 16, 1960, no motion for new trial having been filed and de-

fendant's counsel stating a motion for new trial would not be filed, defendant was granted allocution, and judgment and sentence were pronounced and entered. Defendant and his counsel were present throughout all the foregoing proceedings.

Our review, in part a matter of grace, of the record discloses no ground for interference with the judgment of the trial court. It should be and is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.