Argued July 7, affirmed September 9, 1966

# OTTEN *v.* GLADDEN

417 P. 2d 1017

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Denecke and Lusk, Justices.

### DENECKE, J.

The petitioner was convicted of assault and robbery while armed with a dangerous weapon. His conviction was affirmed upon appeal to this court. He filed a petition for post-conviction relief, evidence was taken and the petition dismissed. Petitioner appeals.

Petitioner's first contention is that alleged admissions were received into evidence at his criminal trial without proof that he had been advised of his constitutional rights, as required by *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965). The defendant was convicted on July 16, 1962, and the conviction was affirmed on April 24, 1963. Under the rule

of either *Guse v. Gladden,* 243 Or 406, 414 P2d 317 (1966), or the less favorable rule adopted by the United States Supreme Court in *Johnson v. New Jersey,* 368 US 933, 86 S Ct 1772, 16 L ed2d 882 (1966), neither *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L ed2d 977 (1964), nor *State v. Neely,* supra, would be applicable.

The other constitutional error that petitioner alleges was committed at his criminal trial was the giving of the following instruction: "The law presumes that one who has been convicted previously of a crime is less likely to tell the truth than one who has not."

No exception was taken to this instruction nor was the instruction assigned as error in the appeal of the criminal conviction.

Standing alone, the instruction was erroneous. No presumption about veracity arises from the conviction for a crime. As the trial court in the criminal case instructed in another part of its charge, the evidence of a prior conviction may be considered "in determining the weight or credibility that you will give to the defendant's testimony." ORS 45.600 is the governing statute. There is doubt, however, whether the instruction was prejudicial error because other correct instructions were given upon the subject.

Nevertheless, even though the instruction be deemed erroneous, it affords the petitioner no ground for post-conviction relief. On post-conviction only constitutional error is ground for relief. *Parker v. Gladden,* — Or —, 407 P2d 246, 247 (1965), cert granted 384 US 904, 86 S Ct 1345, 16 L ed2d 357 (1966). We do not consider an error in instructions upon the effect a jury should give evidence of the prior conviction of

a crime to be constitutional error. See *Rhay v. Browder,* 342 F2d 345, 349 (9th Cir 1965).⓪

■ Petitioner personally filed a brief contending that he is entitled to a new trial because the trial court in the criminal proceeding failed to specially find that the petitioner's admissions were made voluntarily, citing *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 Led2d 908, 1 ALR3d 1205 (1964). The voluntariness of petitioner's admissions was not questioned at the criminal trial and no finding was necessary.

Affirmed.

---

⓪ It is not necessary to consider the effect of the failure to except or the failure to assign such instruction as error upon appeal.