Anthony B. OTTEN, Appellant,

v.

Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Appellee.

No. 22553.

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1969.

Merritt J. Willson (argued), Salem,
Or., for appellant.

David Blunt (argued), Asst. Atty.
Gen., Robert Y. Thornton, Atty. Gen.,
Salem, Or., for appellee.

Before HAMLEY, HAMLIN and
HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellant Otten appeals from an order
of the District Court denying his peti-
tion for a writ of habeas corpus. Ap-
pellee is the warden of the state prison
in which Otten is confined. Jurisdiction
of the District Court was invoked under
28 U.S.C. § 2241(a) and (c) (3). Our
jurisdiction rests on 28 U.S.C. § 2253.

On appeal Otten contends that an er-
roneous jury instruction concerning his
credibility as a witness deprived him of
his right to a fair trial before an impar-
tial jury, in violation of the Fourteenth
Amendment. The appellee replies that
relief by federal habeas corpus is fore-
closed because Otten's counsel failed to
claim error in the instruction at the time
of trial and on direct appeal and that
even if the issue were not foreclosed, any
error in the instruction was not of con-
stitutional magnitude.

Otten was tried and found guilty of
charges of assault and armed robbery
by a jury in a state court in Oregon.
Convincing evidence was introduced by
the prosecution to prove Otten's guilt.
Otten testified in his own defense that
at the time of the robbery and assault
he was in a city about seventy miles
from the place the crime was committed.
One witness corroborated his alibi. A
second witness's testimony on the same
subject was equivocal. On cross-ex-

amination the prosecuting attorney brought out from Otten his prior convictions for burglary and for writing bad checks.

Otten claims that there was constitutional error in giving the jury the emphasized portion of the following instruction: "The defendant has admitted that he was previously convicted of a crime or crimes. I instruct you that you may consider such evidence only in determining the weight or credibility that you will give to the defendant's testimony in this case and for no other purpose. *The law presumes that one who has been convicted previously of a crime is less likely to tell the truth than one who has not,* and it is for that reason, and only that, such evidence is permitted to be evidence in this case."

No objection of any kind to the instruction was made by Otten's attorney at the time of trial. The instruction was not challenged upon direct appeal, and his conviction was affirmed by the Oregon Supreme Court. (State v. Otten [1963] 234 Or. 219, 380 P.2d 812). The point was first urged in post-conviction proceedings in the state court. That court, after an evidentiary hearing, denied relief, and the order was affirmed on appeal by the Oregon Supreme Court. (Otten v. Gladden [1966] 244 Or. 327, 417 P.2d 1017.)

The federal District Court did not hold an evidentiary hearing, but it did have before it the transcript of the original trial, Otten's brief on direct appeal, and a transcript of the post-conviction proceedings in the Oregon state court, together with an agreed statement of procedural facts. The District Court denied relief on the grounds that Otten's failure to raise the question at the time of trial was an inexcusable bypass of Oregon's procedural requirements, which foreclosed collateral attack in federal habeas proceedings, and, on the merits, that no constitutional error had been committed.

■■ The deliberate bypass rule is inapplicable to foreclose relief on federal habeas corpus because Oregon did not treat Otten's failure to except to the instruction as a bar to considering the merits of his claim on post-conviction proceedings in Oregon. The Oregon Supreme Court rejected on the merits this very claim and expressly noted that it was unnecessary for the court to consider Otten's failure to raise the question either in the trial court or on direct appeal.[1] (Otten v. Gladden, supra, 417 P.2d 1017.) Under these circumstances the deliberate bypass rule is unavailable. (Warden, Md. Penitentiary v. Hayden (1967) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Curry v. Wilson [9 Cir. 1968] 405 F.2d 110.)

■ On the merits, Otten does not fare as well. The trial court erred in using the challenged language because there is no "presumption" about veracity arising from the conviction of a crime (Otten v. Gladden, supra, 417 P.2d at 1018), but it is doubtful that the error was prejudicial. The instruction to the jury was not confined to the unhappy choice of words about which Otten complains. As a part of the same instruction the court correctly stated the law of Oregon that evidence of a prior conviction may be considered by the jury "in determining the weight or credibility that you will give to the defendant's testimony." Otten's claim of prejudice rests primarily upon the implications he reads into the word "presumes". The jury was told nothing about the legal effect of "presumptions", and it is most unlikely that the jury received any of the shock waves of connotations

---

1. Under Oregon law the only effect of a failure of a defendant in a criminal case to except to an instruction at the time of trial is to deprive him of claiming error as a matter of right on appeal; the failure to except does not preclude the Oregon court from considering the error as a basis for reversal or modification of the judgment on direct appeal (State v. Braley [1960] 224 Or. 1, 355 P.2d 467, 472–474.)

from that word which a panel of lawyers would have suffered.

But even if the instruction was prejudicially erroneous, it does not follow that the mistake reached constitutional proportions. There is not the slightest reason to believe, as Otten claims, that the mistake destroyed the jurors' impartiality or that it deprived the jury of its discretion to decide the question of Otten's credibility. We agree with the Supreme Court of Oregon and with the District Court: There was no constitutional error in the instructions to the jury.

The order is affirmed.