**Michael J. TAGGERT, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 18300–3.**

United States District Court,
W. D. Missouri, W. D.

April 20, 1970.

———————

Michael J. Taggert, pro se.

**ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS COR-PUS WITHOUT PREJUDICE**

BECKER, Chief Judge.

In his prior petition for habeas corpus in this Court, petitioner, a state convict confined in the Missouri State Penitentiary, sought the invalidation of his state conviction for rape on the grounds that it was secured in violation of his federally protected rights. That petition was dismissed without prejudice on March 25, 1970, because petitioner had not exhausted his state remedies with respect to one of the contentions

which he had raised in his petition in this Court. See Taggert v. Ciccone (W. D.Mo.) Civil Action No. 18191–3. Petitioner has now submitted a motion to withdraw that ground from his petition so that the petition might be reinstated in this Court for determination on the merits. Since the motion to withdraw is in substance a successive petition for habeas corpus, it will be treated as such. To save time and unproductive effort, petitioner will be granted leave to file the petition in forma pauperis.

Petitioner now seeks to assert only the grounds in this Court which he raised in the courts of Missouri. Accordingly, he now seeks to omit the allegation of his prior petition in Civil Action No. 18191–3 that "[p]etitioner was denied and deprived of the right to be advised of the nature and cause of the accusation against him, contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States, because the criminal charge and complaint on which he was tried is ambiguous (sic), vague and indefinate (sic), failing to properly apprise the defendant of a crime under Missouri law." This, however, as pointed out in the order dismissing petitioner's prior petition, is a ground cognizable in postconviction proceedings collaterally attacking a conviction. If the contention is supported by a preponderance of the evidence in a Rule 27.26, V.A.M.R. hearing in the state trial court, the contention may result in the annulling and vacating of the judgment of conviction in the state court. Therefore, failure to consider this contention with petitioner's other grounds for invalidating his state conviction would frustrate the purpose of avoiding piecemeal adjudication of claims, which provided the basis of the dismissal of petitioner's prior petition in Civil Action No. 18191–3. Further, it is to petitioner's advantage to exhaust his available state remedies in respect of all of his grounds for invalidating his conviction, including that of the vagueness and ambiguity of the "complaint" against him, before invoking federal habeas jurisdiction. Otherwise, if petitioner should seek to raise the omitted ground in a future habeas corpus petition in the federal district court, he may be held to have forfeited his habeas corpus rights in respect to that ground by his having previously intentionally bypassed the state courts in respect of the ground for impermissible reasons. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 at 849, 9 L. Ed.2d 837 at 869, where it is stated:

"If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits * * *."

This Court, therefore, should not foreclose petitioner's privilege to raise in the future what may be a good ground for the invalidation of his state conviction by permitting petitioner knowingly to omit it now from consideration in this Court and the state courts. Therefore, the petition for habeas corpus herein should be dismissed without prejudice to petitioner's exhausting his currently available state remedies.

Petitioner cites Application of Buffalo Chief (D.S.D.) 297 F.Supp. 687. But in that case the court held that the "precise point petitioner relie[d] on * * * [had] been presented to the Supreme Court of South Dakota and decided adversely to petitioner on the merits." In this case, the allegation of vagueness and ambiguity of the "complaint" has not been presented to the state courts. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.