**E. J. McCLAIN, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 70 C 114(2).**

United States District Court,
E. D. Missouri, E. D.

May 14, 1970.

E. J. McClain, pro se.

John C. Danforth, Atty. Gen., State of Missouri, Kenneth M. Romines, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM

MEREDITH, District Judge.

Petitioner, a prisoner confined in the Missouri State Penitentiary at Jefferson City, Missouri, filed a petition for writ of habeas corpus under 28 U.S.C. 2254, in the United States District Court for the Western District of Missouri. That Court granted the petitioner leave to proceed in forma pauperis and transferred the case to this Court, because the records and witnesses are located in the Eastern District of Missouri. This Court issued a show-cause order and the State has responded.

McClain was convicted of first degree murder, by a jury, in 1941. In his peti-

tion he states five grounds on which he bases his allegation that he is being held in custody unlawfully: (a) he was denied counsel at arraignment; (b) he was denied effective assistance of counsel during trial; (c) he was denied assistance of counsel during the jury deliberation; (d) he was denied assistance of counsel during sentencing; and (e) he was denied his statutory right of direct appeal from a conviction of first degree murder. He has exhausted his state remedies on grounds a, c, and d. McClain v. State, 448 S.W.2d 599 (Mo. 1970).

■ The petitioner's first allegation is that he was denied counsel at arraignment. Arraignment is not a critical step in the proceedings in Missouri and absence of counsel is not a per se violation of the Sixth Amendment. State v. Benison, 415 S.W.2d 773 (Mo.1967). Here, the trial court entered a plea of not guilty for the petitioner, no defenses were waived and no prejudice could have resulted. This ground is without merit and will be dismissed.

■ The petitioner's next allegation is that he was deprived of his right to counsel during the jury's deliberations. He states that while the jury was deliberating, his attorney left the courtroom. During this time the jury foreman returned and asked the judge if the jury could return a verdict for assault. The judge told the foreman to return to the jury room and consider the instruction of first degree murder. The petitioner's testimony at the hearing on the Missouri Rule 27.26, V.A.M.R., motion indicates that the judge referred the jury to the previously given instructions and gave no new instructions. This cannot be said to derogate petitioner's right to a fair trial by depriving him of the right to counsel at a critical stage in the

proceedings. This case is factually distinguishable from one where the judge does more than refer to a previously given instruction. Baugh v. Swenson, 279 F.Supp. 642 (W.D.Mo.1968). This allegation fails to state, and the 27.26 hearing fails to show, grounds upon which relief can be granted and will be dismissed.

■■ The petitioner's final contention is that he was denied assistance of counsel at sentencing and was denied allocution. Petitioner had been convicted of first degree murder by a jury. The punishment for first degree murder was fixed by the court at either life imprisonment or death under the statute in force in 1941. R.S.Mo.1939, § 4378. Petitioner received the minimum sentence of life imprisonment. This case is clearly distinguishable from Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), because here the presence of an attorney or allocution could not have changed the outcome of the sentencing. The judge gave the mandatory and minimum sentence and the presence of counsel or exercise of allocution could not have changed the result. It is the opinion of the Court that this claim fails to state grounds upon which relief can be granted and will be dismissed.

■ The petitioner has raised two other grounds: (1) that he was denied effective assistance of counsel at trial, and (2) that he was deprived of his statutory right of appeal because his counsel failed to appeal as ordered. These grounds have not been considered by the Missouri Supreme Court. Therefore, the petitioner has not exhausted his state remedies on these grounds and they will be dismissed without prejudice. Swenson v. Donnell, 382 F.2d 248 (8th Cir. 1967); Maness v. Swenson, 385 F. 2d 943 (8th Cir. 1967).