John Vernon DECKARD, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 19114-3.

United States District Court,
W. D. Missouri, W. D.

March 22, 1971.

John Vernon Deckard, pro se.

No appearance for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction of the offense of forcible rape. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Taney County of the offense of forcible rape; that he was sentenced on that conviction on December 16, 1960, to a term of 99 years' imprisonment; that he appealed the judgment of conviction and imposition of sentence; that "petitioner was forced to prepare his own appeal without counsel"; that the Missouri Supreme Court affirmed the judgment of conviction and imposition of sentence on the original appeal (State v. Deckard, Mo., 354 S.W.2d 886); that, after the deci-

sions of the United States Supreme Court in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, reh. denied 373 U.S. 905, 83 S.Ct. 1228, 10 L.Ed.2d 200, and of the United States Court of Appeals for the Eighth Circuit in Bosler v. Swenson (C.A.8) 363 F.2d 154, and Donnell v. Swenson (C.A.8) 382 F.2d 248, the Missouri Supreme Court entered an order setting aside his original conviction and reinstating his direct appeal on the docket of the Missouri Supreme Court; that on his second direct appeal, petitioner's conviction and sentence were again affirmed (State v. Deckard, Mo., 426 S.W.2d 88); that subsequently petitioner moved to vacate his conviction and sentence in the state trial court under the provisions of Missouri Criminal Rule 27.26, V.A.M.R.; that the state trial court denied the motion after an evidentiary hearing and the denial was subsequently affirmed on July 13, 1970, by the Missouri Supreme Court (Deckard v. State, Mo., 456 S.W.2d 35); and that petitioner was represented by counsel at his trial and sentencing, on his second appeal, but not on preparation, presentation or consideration of his petition herein.

In his petition at bar, petitioner states the following as the grounds upon which he bases his allegation that he is being held in custody unlawfully:

"(a) Evidence was obtained as a result of an Illegal Search and Seizure and in violation of Petitioners rights under the 4th and Fourteenth Amendments of the United States Constitution.

"(b) Ineffective service of legal counsel.

"(c) That information filed in the case was insufficient to invoke the provision of the Habitual Criminal Act, Sec. 556.280 R.S. Mo.1959."

In his prior petition for habeas corpus in this Court, in which petitioner sought to challenge the same state conviction, Deckard v. Swenson (W.D.Mo.) Civil Action No. 18569–3, petitioner stated the following as the grounds upon which he based his allegation in that case that he was being held in custody unlawfully:

"The Court committed prejudicial error when the Court admitted into evidence state's exhibit F, a pair of blue jean trousers, the admission of such evidence was obtained as a result of an illegal search and seizure and in violation of movant's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

"The Court committed prejudicial error when the Court denied movant an opportunity to subpoena witnesses, and is clearly erroneous.

"The finding of the Court that movant was adequately represented by counsel is clearly erroneous because of the failure of counsel to file motion to suppress evidence failure to file motion for new trial, failure to file motion and notice of appeal further failure to file an appeal although requested by movant to do so.

"The trial court erred in finding that the information filed in the case was sufficient to invoke the provisions of the Habitual Criminal Act, Section 556.280 R.S.Mo.1959."

The petition in that case was dismissed without prejudice to petitioner's currently available state remedies by the judgment entered on August 17, 1970. Therein, this Court stated as follows:

"Whatever the merits of these contentions, it is readily apparent that the petition herein should be dismissed without prejudice for failure of petitioner to have raised the contention of being denied the opportunity to subpoena witnesses in his own behalf in the courts of the State of Missouri. It is conceivable that such an allegation may state a denial of petitioner's Sixth Amendment right 'to have compulsory process for obtaining witnesses in his favor' and may therefore constitute a ground for invalidating his state conviction. The official reports and files and records

of petitioner's trial and direct appeals and his postconviction motion and the appeal therefrom show that the ground has hitherto not been entertained in the courts of Missouri. The official report of petitioner's original appeal shows that the Missouri Supreme Court noted that 'matters required to be presented to the trial court in a motion for new trial are not preserved for review under this record' and that the Missouri Supreme Court considered only the sufficiency of the indictment and of the evidence and found against petitioner on both grounds. State v. Deckard, Mo., 354 S.W.2d 886, 888. On his second direct appeal, petitioner raised the points of (1) erroneous instruction in that it did not hypothesize the facts stated in the information and (2) exorbitant and grossly excessive punishment. Thereafter, in November of 1968, petitioner filed his motion to vacate under Missouri Criminal Rule 27.26. Petitioner has attached a true copy of the motion to the petition in this case. It shows that the following grounds were raised on that motion in the state trial court:

> 'The information is fatally defective because said information fails to allege that the movant had been "subsequently placed on probation, parole, fined or imprisoned" as a result of the convictions for the prior offenses alleged; that the information only charges that the movant was "received" at the Missouri State Penitentiary and not that he was "imprisoned" as required by the statute; And the allegations of the information with reference to the prior convictions were not sufficient to invoke the provisions of the Habitual Criminal Act, Section 556.280 R.S.Mo. (1959) and as a consequence the movant was denied due process of law contrary to the 14th Amendment to the United States Constitution, and Article 1 Section 10 of the Missouri Constitution (1945).

> \* \* \* \* \* \*

> 'That state's Exhibit (F), a pair of Blue Jean trousers were inadmissable (sic) as evidence and should have been excluded as evidence because said evidence was the fruits of an unlawful, unconstitutional, and unreasonable search and seizure, and as a consequence the movant was denied due process of law contrary to the 4th and 14th Amendments to the United States Constitution, and Article 1 Section 15, Article 1 Section 10 of the Missouri Constitution (1945).

> \* \* \* \* \* \*

> 'The movant did not have competent and effective assistance by trial counsel and as a consequence he was denied due process of law contrary to the 6th and 14th Amendments to the United States Constitution and Article 1 Section 18(a), Article 1, Section 10 of the Missouri Constitution (1945).'

"Further, from the transcript of the Rule 27.26 hearing, it is readily apparent that the state trial court did not independently make any findings or conclusions with respect to whether petitioner was prevented the exercise of his right to have compulsory process for obtaining witnesses in his favor. And the opinion of the Missouri Supreme Court on appeal from the denial of the Rule 27.26 motion by the state trial court recites that petitioner raised only three points on that appeal as follows:

> 'I. The trial court erred in finding that the information filed in the case was sufficient to invoke the provisions of the Habitual Criminal Act, Section 556.280, R.S.Mo.1959; II. The trial court erred in finding that appellant had effective assistance of counsel and was not denied due process of law; III. The trial court erred in finding that State's Exhibit F, a pair of blue jean trousers, was properly admitted into evidence because the admission of such

evidence was prejudicial and such evidence was obtained as a result of an illegal search and seizure and violated appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution.' Deckard v. State, Mo., [456] S.W.2d [35] (No. 54,974, p. 2 [37])

"It is well settled that the requirement of § 2254, Title 28, United States Code, that a state prisoner exhaust his available state remedies (in the absence of exceptional circumstances not stated to be present in this case) before invoking federal habeas jurisdiction includes the requirement that state remedies be exhausted with respect to all of a state prisoner's contentions of the invalidity of his conviction. White v. Swenson (W.D. Mo. en banc) 261 F.Supp. 42; Richardson v. Swenson (W.D.Mo.) 293 F. Supp. 275; Dixon v. Missouri (W.D. Mo.) 295 F.Supp. 170. The well established and well recognized purpose of this rule is to avoid piecemeal adjudications of a state prisoner's several claims for the illegality of his conviction and sentence. Cf. Taggert v. Swenson (W.D.Mo.) [313] F.Supp. [146]. It must therefore be deemed that petitioner has not exhausted his currently available state remedies, in the absence of exceptional circumstances not stated or shown to be present in this case. Petitioner should therefore file another motion to vacate his state conviction and sentence in the state trial court under the provisions of Missouri Criminal Rule 27.-26 in which petitioner plainly raises the contention of being denied the right to subpoena witnesses at his trial. After any adverse decision of the state trial court on that motion, petitioner should then exercise his right of appeal to the Missouri Supreme Court. Only when, in the absence of exceptional circumstances, the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for the purposes

of federal habeas jurisdiction. Section 2254, *supra*; Fay v. Noia, 373 [372] U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; Hooper v. Nash (C.A.8) 323 F.2d 995, cert. denied 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson, *supra;* Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196."

 Subsequently, rather than go back to the state courts to present his additional contention of being denied the right to subpoena witnesses in his own behalf, petitioner filed this successive petition for habeas corpus in this Court, omitting the contention of denial of the right to subpoena witnesses. This Court was previously faced with this set of circumstances in the case of Taggert v. Swenson (W.D.Mo.) 313 F.Supp. 146, in which the petitioner sought to omit a ground from his petition which had not been presented in the state courts. In that case, it was held that:

"Petitioner now seeks to assert only the grounds in this Court which he raised in the courts of Missouri. Accordingly, he now seeks to omit the allegation of his prior petition in Civil Action No. 18191–3 that '[p]etitioner was denied and deprived of the right to be advised of the nature and cause of the accusation against him, contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States, because the criminal charge and complaint on which he was tried is ambigous (sic), vague and indefinate (sic), failing to properly apprise the defendant of a crime under Missouri law.' This, however, as pointed out in the order dismissing petitioner's prior petition, is a ground cognizable in postconviction proceedings collaterally attacking a conviction. If the contention is supported by a preponderance of the evidence in a Rule 27.26, V.A.M.R. hearing in the state trial court, the contention may result in the annulling and vacating of the judgment of conviction in the

state court. Therefore, failure to consider this contention with petitioner's other grounds for invalidating his state conviction would frustrate the purpose of avoiding piecemeal adjudication of claims, which provided the basis of the dismissal of petitioner's prior petition in Civil Action No. 18191–3. Further, it is to petitioner's advantage to exhaust his available state remedies in respect of all of his grounds for invalidating his conviction, including that of the vagueness and ambiguity of the 'complaint' against him, before invoking federal habeas jurisdiction. Otherwise, if petitioner should seek to raise the omitted ground in a future habeas corpus petition in the federal district court, he may be held to have forfeited his habeas corpus rights in respect of that ground by his having previously intentionally bypassed the state courts in respect to the ground for impermissible reasons. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 at 849, 9 L.Ed.2d 837 at 869, where it is stated:

> 'If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits . . .'

"This Court, therefore, should not foreclose petitioner's privilege to raise in the future what may be a good ground for the invalidation of his state conviction by permitting petitioner knowingly to omit it now from consideration in this Court and the state courts. Therefore, the petition for habeas corpus herein should be dismissed without prejudice to petitioner's exhausting his currently available state remedies." 313 F.Supp. at 147.

The principle achieved recognition in Mayes v. Sigler (C.A.8) 428 F.2d 669, in which the Court stated that "in situations where substantial issues are raised and an evidentiary hearing is required to solve the issues, the exhaustion of the state remedy requirement should not be bypassed." The petition herein for habeas corpus should therefore be dismissed without prejudice to petitioner's state remedies for the reasons stated in the judgment dismissing Civil Action No. 18191–3 and upon the authorities stated therein. Petitioner should exhaust his state remedies with respect to all of his contentions for the invalidity of his state conviction before invoking federal habeas jurisdiction.

It is true that, in the recent case of Caffey v. Swenson (C.A.8) 437 F.2d 70 (1971), the Eighth Circuit Court of Appeals declined to rule on "the question of whether state remedies must be exhausted on all claims presented in a state prisoner's habeas corpus petition, before a federal court will consider the merits of one or more of those grounds upon which all currently available state remedies have been exhausted." Further, in McClain v. Swenson (C.A.8) 435 F.2d 327 (1970), the same court considered three of the petitioner's contentions for the invalidity of a state conviction, holding that he had exhausted his state remedies with respect to them, and declined to consider two others, with respect to which state remedies had not been exhausted. See also Kennedy v. Sigler (C.A.8) 397 F.2d 556. In neither of those cases, however, did the district court decision deal with the question of deliberate bypass. See McClain v. Swenson (E.D.Mo.) 312 F.Supp. 635, and Kennedy v. Sigler, supra, 397 F.2d at 561. But, as in the case at bar, when the federal district court has recognized the deliberate bypass issue and has taken it into account in its judgment, the petitioner runs the risk of later being deemed by the state courts to have deliberately bypassed state remedies for impermissible reasons with respect to the deliberately omitted grounds. See, e. g.

Caffey v. Swenson, *supra,* to the following effect:

> "Careful analysis of the district court's files has convinced us that appellant did not intend to, and in fact did not, present to that court the allegation of denial of effective assistance of counsel as a ground for vacation of his judgment of conviction. While this allegation was collaterally discussed in an exhibit to the traverse filed by appellant in the district court, he has consistently maintained that he does not seek relief on this ground. In addition, the able counsel appointed to represent appellant on this appeal has conceded and stressed that the only allegation upon which relief is sought is that appellant was denied a speedy trial."

Such a holding would make it relatively difficult for a state court or a federal district court not to conclude that the petitioner had deliberately bypassed state remedies on any subsequent attempt to raise the issue of denial of effective assistance of counsel in the state courts or the federal district court under the standards of Fay v. Noia, *supra.* Thus, when the principle of deliberate bypass has been recognized by the district court, it appears that the better course would be to dismiss the petition in favor of exhaustion of state remedies with respect to all of the petitioner's contentions, lest the record on appeal further buttress any claim of deliberate bypass, not only by means of the selective contentions made on appeal, but by taking an appeal in the face of the recognition of the existence of the deliberate bypass issue. Whether the state court would entertain a second motion under Missouri Rule 27.26 or would treat petitioner's failure to brief on appeal the denial of process for witnesses ground for relief as a deliberate bypass should first be submitted to the state court. Otten v. Cupp (C.A.9) 405 F.2d 490.

■■ This reasoning is particularly applicable in the case at bar, wherein the transcript of the petitioner's Rule 27.26 motion shows that a hearing was held on his motion; that evidence was heard on the motion, including that of petitioner, his sister, and the prosecuting attorney and the defense attorney at the trial and the deputy clerk of the circuit court; and that the state trial court reliably made findings of fact adversely to petitioner on his contentions, which findings comported with current federal standards and were found not to be clearly erroneous by the Missouri Supreme Court. Thus, all of petitioner's claims of denials of federal rights in the securing of the state conviction of forcible rape are without merit, except possibly that of his being denied the right to subpoena witnesses in his own behalf unless additional evidence on that issue should also affect the issues hitherto raised. Under the applicable federal law, it is clear that petitioner's contention of the ambiguity of the information in stating that he was "received" at the penitentiary rather than that he was imprisoned there, does not state the denial of any federal right. In Scalf v. Bennett (C.A.8) 408 F.2d 325, it was plainly stated that the writ of habeas corpus will not be used to test the indictment unless it is constitutionally defective. See also In re Tucker (W.D.Mo.) 214 F.Supp. 202, 206, where it is said:

> "The Missouri [Second Offender] statute itself has been held constitutional a number of times by the Supreme Court of Missouri, and such acts have been approved in principle on their constitutionality many times in the Federal Courts. A recent decision is Oliver v. United States, 290 F.2d 255 (8th Cir., 1961), cert. den. 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961). Any matters of insufficiency in the allegations in the information or failure of proof of the first offense are matters for direct review and of state procedural law which may not be considered or any remedy afforded by way of habeas corpus to this Court. Such are not violative of constitutional principles and as stated in Wolfe v. Nash, 313 F.2d 393 (8th Cir.,

1963), the Court held that such matters are merely a local legal problem and of no national concern whatever. Said decision states in part 'How and in what way proof of prior convictions shall be made under the State Habitual Criminal statute and what effect a deviation from the requirements of the statutes would have, we regard as purely a local problem and of no national concern whatever. The due process clause of the Fourteenth Amendment does not enable us to review errors of state law.' Citing Buchalter v. N. Y., 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492."

Further, taking the words in their natural meaning, the departure from the statutory language was not enough to make the meaning of the information unconstitutionally vague or ambiguous.

■ On the issue of unlawful search and seizure, the evidence adduced at the hearing on the Rule 27.26 motion was uncontradicted that the investigating officers went to the cabin where petitioner's sister and her husband lived; that the sister voluntarily took them to a nearby cabin which was rented by the sister and her husband, used to store some of their goods and in which petitioner was being permitted to sleep, and that the blue jeans were there found in an unlocked suit case. The prosecuting attorney testified that the sister "got them and gave it to us." (Tr. 73) The findings of the state trial court, supported by substantial evidence, were as follows on this issue:

"1. That no search was made as complained of in paragraph (1) of Point II.

"2. That in regard to paragraphs 2–6 of point II, no search by the State authorities was made, but the sister of Movant, acting completely voluntarily, and in no way deceived or tricked by the officers turned over the blue jeans mentioned in the motion.

"3. That in regard to paragraphs 7–10 of Point II of the motion, the Court finds that the sister, Mrs. Irean Gideon had absolute control of any part and all of the buildings mentioned in the motion."

The case is thus unlike the recent United States Supreme Court case of Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, in which it was held that the grandmother who was a co-occupant of the premises of the accused wherein the search was conducted had in fact been coerced to consent to the search by the officer's representation of his possession of a warrant. In contrast, there was no coercion in the case at bar. Otherwise, it is the general federal rule that "where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either." United States v. Thompson (C.A.5) 421 F.2d 373; Wright v. United States (C.A.8) 389 F.2d 996; United States v. Twiford (W.D.Mo.) 315 F.Supp. 801, 803, and cases there cited. If any search took place, under the findings reliably made by the state trial court, it was a search undertaken with lawful consent given, under applicable state and federal standards.

■ In the petition at bar, on the allegation of ineffective assistance of counsel, petitioner states the following particulars:

"(1) Counsel did not conduct appropriate investigation, both factual and legal prior to trial to determine if matters of defense could have been developed. (2) That prior to trial counsel failed to file a motion to suppress the blue jean trousers, even though counsel had been informed by movant that said trousers had been gained without his consent, and most likely without a warrant. (3) That counsel failed during the trial to object to the trousers being used by the State as evidence on the grounds that said trousers were the result of an illegal and unlawful search and seizure. (5) That Counsel failed to ap-

peal the conviction to the Missouri Supreme Court."

The trial court reliably made findings contrary to petitioner's factual contentions on these grounds. The hearing on the Rule 27.26 motion showed that his hired counsel testified that he diligently investigated the case and followed up all leads he might have had with respect to alibi witnesses, but that none could be found; that, when the verdict had been rendered, he was of the opinion that there was no error which he could claim on a motion for new trial or on appeal; that he told petitioner so; that no trial errors were pointed out by petitioner in the hearing; and that the failure to move to suppress or object to the admission of the blue jeans was not prejudicial in view of the reliably found fact that the blue jeans were admissible in evidence, under state and federal standards. On the above grounds, even considering the testimony of petitioner to be true, no claim of ineffective assistance of counsel is stated. Petitioner's only claim which, if true, might establish ineffective assistance of counsel was that a tavernkeeper who could establish his alibi was not called as a witness. But petitioner does not specifically raise that subcontention in the petition at bar. That contention, rather, appears to be subsumable under his contention that he was denied the right to subpoena witnesses in his behalf. Further, as the contention bears on the issue of ineffective assistance of counsel, it is contradicted by evidence in the Rule 27.26 hearing in that the defense attorney testified that he could locate no such alibi witness or witnesses. Further, the peace officer who transported petitioner to prison following the conviction testified that petitioner admitted to him that he had been properly identified as the perpetrator of the rape. This rebuts the claim that an alibi witness existed. The rule that when a plenary evidentiary hearing has been held in a state court on a postconviction motion, in which fair procedures were employed and current federal standards applied, the federal district court may rely upon the findings of fact reliably made upon substantial evidence has recently received added recognition In re Parker (C.A.8) 423 F.2d 1021. See also Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524. That is the case at bar, where, with respect to all of the allegations on which state remedies have been exhausted, the state court has reliably made findings against petitioner and petitioner has not sustained his burden of showing the violation of any federal right.

In this context, the possibility that petitioner may have been deprived of an alibi witness by court action not reflected in the record grows to paramount importance. The record of the trial shows that defendant, in the original trial of this cause, *declined* to produce any evidence on his own behalf. (Tr. 24) Therefore, his contention would necessitate the submission of evidence on his part to rebut the trial record. Clearly, this falls within the rule of Mayes v. Sigler, *supra*, 428 F.2d at 671, as a contention with respect to which state remedies should not be bypassed:

> "Possibly in situations where the grounds of attack upon a state conviction clearly appear to be without possible merit, a disposition of a federal habeas corpus petition on the merits might be permissible. However, in situations where substantial issues are raised and an evidentiary hearing is required to solve the issues, the exhaustion of the state remedy requirement should not be bypassed."

Thus, in the case at bar, in which the claim of being denied the opportunity to present witnesses in his own behalf has never been presented to the state courts by petitioner and in which petitioner claims to know of an alibi witness, it is the feeling of this Court that the petition should be dismissed without prejudice for failure to exhaust state remedies, although state remedies have apparently been exhausted with regard to the other contentions (barring the possibility that the unexhausted allegation

may, upon the production of evidence, shed a new light on the other issues); in order that petitioner will not run the risk of forfeiting his habeas corpus rights with respect to a crucial ground for the invalidity of his state conviction. None of the exceptional circumstances which will warrant consideration on the merits without exhaustion of currently available state remedies are present in the case at bar.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice. Petitioner should file a new Rule 27.26 motion in the state trial court, raising all of the possible grounds for the invalidity of his state conviction, including that of denial of the right to summon witnesses in his own behalf.