**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Daniel M. MAXSON,
Defendant-Appellant.**

**No. 45303.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 5, 1982.

Kenneth G. Gibbar, Cape Girardeau, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau County, Jackson, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of attempted first degree arson, a class C felony,[1] a violation of § 564.011, RSMo.1978. The jury assessed his punishment at "not more than one (1) year in county jail and payment of

---

1. Arson in the first degree is a class B felony. § 569.040.2 RSMo.1978. Any *attempt* to commit a class B felony is a class C offense. § 564.011.3(2), RSMo.1978.

fine according to statutes." The trial court sentenced defendant to four years with the Missouri Department of Corrections, suspended execution of sentence and placed defendant on five years probation.

Defendant, in his only contention of error, asserts the trial court erred in sentencing him to a term in excess of the jury's declaration of punishment. We agree and reverse and remand for resentencing.

■ Under Missouri's Criminal Code, primary responsibility for assessing maximum terms of imprisonment rests with the jury, § 557.036, RSMo.1978. Only when the defendant is found to be a persistent or dangerous offender, § 557.036.4; or when the term declared by the jury is less than the authorized lowest term for the offense, § 557.036.3, may the court impose a sentence longer than the term assessed by the jury, *State v. Quisenberry,* 639 S.W.2d 579 (Mo.banc August 31, 1982); § 557.036.3.

■ The minimum authorized term of imprisonment for a class C felony is one year. *State v. Quisenberry,* at p. 588. In the present case, the jury assessed defendant's punishment within the range provided by law. The trial court therefore, erred in sentencing defendant to a term of imprisonment in excess of that assessed and declared by the jury. § 557.-036.3; *State v. Hardy,* 339 Mo. 897, 98 S.W.2d 593, 596 (1936). Accordingly the case is reversed and remanded for resentencing.

CRANDALL, P.J., and CRIST, J., concur.